589 So.2d 23 (1991)
Linda LEGER and Paul Leger
v.
CITRON FORD, INC. and Sentry Insurance Company.
No. 90 CA 0951.
Court of Appeal of Louisiana, First Circuit.
October 18, 1991.
Harold J. Rhodes, Morgan City, for plaintiffs/appellants.
David A. Hurlburt and Philip S. Aucoin, Jr., Hurlburt, Privat & Monrose, Lafayette, for Citron Ford, Inc. and Sentry Indem., defendants.
L.D. Sledge, Baton Rouge, for intervenor.
Before WATKINS, CARTER and FOIL, JJ.
*24 WATKINS, Judge.
Linda and Paul Leger filed suit against Citron Ford and its insurer, Sentry Insurance, following a two-vehicle accident on September 17, 1985, in Morgan City, Louisiana. A jury awarded them $10,250.00 in damages, which the trial court reduced by half pursuant to a finding by the jury that Mrs. Leger was fifty percent at fault. Mr. and Mrs. Leger appealed.
We reverse the jury's finding of fault on the part of the plaintiff driver, but we affirm the trial court judgment in all other respects.

FACTS
On September 17, 1985, Edgar Charles, who was employed by Citron Ford, drove a truck from New Roads, Louisiana, to his employer's dealership on Greenwood Street in Morgan City. When he arrived at the dealership, he drove the truck forward into a driveway, attempting to get it into the garage. However, another employee was attempting to drive a vehicle out of the garage at the same time. The other employee motioned to Mr. Charles to back off the driveway to let him exit the garage. Mr. Charles backed to the end of the driveway, backed across the westbound land of Greenwood Street, and backed into the eastbound lane of traffic where he came to a stop. Seeing the other employee wave for him to back further, Mr. Charles lifted his foot off the brake.
There was a collision between the rear of the vehicle driven by Mr. Charles and the front of an automobile being driven by Mrs. Leger.
Mrs. Leger was driving east on Greenwood Street. After she passed a sharp curve in the road, she encountered the backing truck in her own lane of traffic. She testified that she could not avoid the collision.
Captain Dean Stansbury investigated the accident. His report showed that Mrs. Leger said that she came to a stop and blew her horn at Mr. Charles before he backed into her. This version differed slightly from Mrs. Leger's trial testimony in which she stated that she saw the Citron Ford vehicle back onto the street and that she did not have time to stop before the accident.

CAUSATION
Mrs. Leger claimed she received a "jar" in the accident and that she hit her chin on the steering wheel. Although she told the investigating officer she was not injured, she later sought treatment for a cervical injury. She initially was treated by a chiropractor in Morgan City for the upper back problem. A little over a month later she sought treatment from Dr. Hector Ruiz in Morgan City.
In late October 1985, Mrs. Leger was seen by Dr. Verne Thibodeaux, who ordered her hospitalized at Lakewood Hospital, Morgan City. She was then transferred to Lafayette, Louisiana, where she was diagnosed as having juvenile rheumatoid arthritis onslaught in an adult.
In her suit against Citron Ford, Mrs. Leger claimed damages for rheumatoid arthritis which caused her hospitalization in 1985 and 1986 and for continuing problems with the rheumatic disease. Additionally, she sought damages for her cervical injury and for a jaw injury known as "TMJ." Finally, she sought damages for a suicide attempt which she claimed stemmed from depression over the arthritic condition and other problems. On appeal, plaintiffs urge that the jury's award is inadequate to compensate for Mrs. Leger's serious injuries.
We agree with the appellees that it is obvious from the jury verdict form regarding damages that the jury did not believe that plaintiff's juvenile rheumatoid arthritis was caused by the automobile accident. The jury's award compensated Mrs. Leger for a cervical strain injury only.
"Causation may ... be proved by circumstantial evidence. In many instances, it can be proved only by such evidence. Taken as a whole, circumstantial evidence must exclude other reasonable hypotheses with a fair amount of certainty. This does not mean, however, that it must negate all other possible causes. Otherwise, the *25 mere identification by the record of another possibility, although not shown to be causally active, would break the chain of causation." Naquin v. Marquette Casualty Co., 244 La. 569, 153 So.2d 395, 397 (1963); emphasis in the original.
To support the claim for damages for juvenile rheumatoid arthritis, the plaintiffs relied primarily upon the opinions of Dr. Kenneth T. Calamia and Dr. James Herrington regarding her diagnosis. However, Dr. Herrington is an internist and is not an expert rheumatologist; he did not venture an opinion as to the cause of Mrs. Leger's disease. Dr. Calamia, who had the bulk of his experience with rheumatoid arthritis as contrasted with juvenile rheumatoid arthritis onslaught in adults, did connect the disease with the accident. In his opinion the accident triggered the disease. He based his opinion on "temporal" considerations, that is, the timing of the September accident in relation to the October manifestation of the disease. However, Dr. Calamia admitted that there are known triggers of rheumatoid arthritis other than trauma, and he specified serious infection and hospitalization as two of them.
Dr. Hector Ruiz stated that Mrs. Leger was suffering from pharyngitis (sore throat), which is caused by a bacterial invasion rather than trauma. A pathologist took cultures that revealed the presence of three organisms, betahemolytic strep, alphahemolytic strep, and hemolysis, in her throat, which were causing Mrs. Leger's streptococcal infection. Thus, there was objective evidence of a triggering factor of rheumatoid arthritis other than the trauma of the accident, specifically the three organisms.
On the basis of our review of the complete record in this case, we conclude that the evidence indicating that the juvenile rheumatoid arthritis was triggered by a cause other than the accident, specifically, the three bacteria, is at least as plausible as the evidence that it was caused by the accident. Thus, plaintiffs have failed to prove that, more probably than not, Mrs. Leger's damage was caused by the negligence of the defendant. Cangelosi v. Our Lady of the Lake Medical Center, 564 So.2d 654 (La.1989), on rehearing.
Accordingly, we find that the defendants are not liable to compensate Mrs. Leger for her serious bout with juvenile rheumatoid arthritis. Furthermore, because there is no causal connection between the accident and Mrs. Leger's disease, there is no causal connection to her suicide attempt.
Finally, in affirming the trier-of-fact's determination of damages, we find that the defendants successfully refuted the evidence presented by the plaintiffs that one of Mrs. Leger's injuries was a temporomandibular joint problem (TMJ). Dr. Robert D. Westerman, D.D.S. testified that he did not see Mrs. Leger until more than a year after the automobile accident. Dr. Westerman could not relate her TMJ problem to the accident with any degree of certainty, and he specified that Mrs. Leger's problem with teeth clenching was just as likely a cause of TMJ. Furthermore, Dr. William Johnson, Jr. testified that Mrs. Leger had complaints of TMJ dysfunction in 1979.

COMPARATIVE NEGLIGENCE
We do find merit in plaintiffs' argument that the jury erred in assessing Mrs. Leger with fifty percent of fault in causing the accident.
In their answer to plaintiffs' petition, the defendants averred that Mrs. Leger was at fault for failing to avoid the accident. However, the defendants do not allege any specific acts on her part which amounted to this failure.
At trial the only modicum of evidence suggesting fault on Mrs. Leger's part was the testimony of the other driver, Mr. Charles. He stated that he looked in his rear vision mirror after he backed into the eastbound lane, that he did not see the Leger vehicle, and that he lifted his foot from the brake and coasted back. But Mrs. Leger testified to the contrary, stating that Mr. Charles whipped his truck into reverse at a speed inconsistent with "coasting." Additionally, the defendants point to differences between the statement made by *26 Mrs. Leger at the accident scene to the investigating officer and Mrs. Leger's in-court testimony. But those differences do not mandate inferences of negligent acts on her part.
"Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection.... The standard of conduct to which the plaintiff must conform for his own protection is that of a reasonable man under like circumstances." Smolinski v. Taulli, 276 So.2d 286, 290 (La.1973). "Negligence must be established with reasonable certainty and by a preponderance of the evidence. Probabilities, surmises, speculations and conjectures" will not support a judgment for the party who is charged with the burden of proof. Boudreaux v. American Ins. Co., 262 La. 721, 264 So.2d 621, 627 (1972). The totality of the evidence in the instant case does not indicate any fault on the part of Mrs. Leger which contributed to her damages.
Accordingly, we reverse that portion of the trial court judgment which reduces the award to the Legers by fifty percent. In all other respects the judgment of the trial court is affirmed. Appellee is cast for costs of this appeal.
REVERSED IN PART AND AFFIRMED IN PART.