772 So.2d 879 (2000)
Joseph CANGIANO and Mary Cangiano
v.
FORTE HOTELS, INC. d/b/a Travelodge, Hotel Taj Mahal, Inc., HFS Incorporated and Scottsdale Insurance Company.
No. 00-CA-40.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 2000.
*880 Timothy S. Madden, Michael Vincenzo, King, LeBlanc & Bland, L.L.P., New Orleans, Louisiana, for plaintiffs-appellants, Joseph Cangiano and Mary Cangiano.
Albert D. Giraud, Ginger K. Deforest, Ungarino & Eckert L.L.C., Metairie, Louisiana, for defendants-appellees, Forte Hotels, Inc. d/b/a Travelodge, Hotel Taj Mahal, Inc., HFS Incorporated and Scottsdale Insurance Company.
(Court composed of CHARLES GRISBAUM, Jr., C.J., EDWARD A. DUFRESNE, Jr. and CLARENCE E. McMANUS, JJ.)
GRISBAUM, Chief Judge.
Plaintiffs, Joseph and Mary Cangiano, appeal the trial court's judgment granting a directed verdict in favor of defendants, Forte Hotels, Inc. d/b/a Travelodge Hotel Taj Mahal, Inc. HFS Incorporated and Scottsdale Insurance Company. We affirm.

ISSUE
We are called on to determine whether the trial court abused its discretion in finding that reasonable minds could not disagree that defendants were not liable to plaintiffs for any damages and thus granting defendants' motion for directed verdict.

FACTS AND PROCEDURAL HISTORY
Joseph and Mary Cangiano filed suit against Forte Hotels d/b/a Travelodge and its insurer, Scottsdale Insurance Company, under the theories of invasion of privacy and negligence for failing to maintain the hotel in a reasonably secure condition. They allege they suffered emotional distress and mental anguish as a result of the hotel's negligence and invasion of their privacy.
The plaintiffs base their claims on allegations that they found a spying device in their hotel bathroom at the Travelodge located at 5733 Airline Highway, Metairie, Louisiana. The plaintiffs testified to the following. While the plaintiffs were having intercourse in their hotel bathroom, they heard mechanical sounding noises coming from behind the mirror. The next morning, Mr. Cangiano saw a beam of light coming from the mirror. Upon investigation, he found a nail-sized hole in the mirror. He removed the mirror and found a hole in the wall through which he could see the adjoining bathroom. Mr. Cangiano showed his wife the hole. They both became very upset because they assumed someone had watched them having intercourse the night before.
After the plaintiffs presented their case, the defendants moved for a directed verdict. The trial court granted defendants' motion for directed verdict.

STANDARD OF REVIEW
The trial court has vast discretion in determining whether a directed *881 verdict should be granted. New Orleans Property Development, Ltd v. Aetna Casualty and Surety Co., 93 0692 (La.App. 1 Cir. 4/8/94), 642 So.2d 1312. In a jury trial, a directed verdict should be granted only when, after considering all inferences in the light most favorable to the opposing party, it is clear that the facts and inferences are so overwhelmingly in favor of the moving party that reasonable minds could not arrive at a contrary verdict. Id. If there is substantial evidence of such quality and weight that reasonable and fair-minded jurors might reach a different conclusion, the motion for directed verdict should be denied, and the case submitted to the jury. Id.
An appellate court, in reviewing the grant of a directed verdict, must consider whether, viewing all the evidence submitted, reasonable minds could reach a contrary verdict. Id.

LAW AND ANALYSIS
An innkeeper has a duty to its invitees to exercise reasonable care to protect them from injury. Banks v. Hyatt Corp., 722 F.2d 214 (5 Cir.1984); Davenport v. Nixon, 434 So.2d 1203 (La.App. 1 Cir.1983). An innkeeper's duty, however, does not extend to unforeseeable or unanticipated criminal acts by independent third persons. Id. "Only when the owner or management of a business has knowledge, or can be imputed with knowledge, of a third person's intended criminal conduct which is about to occur, and which is within the power of the owner or management to protect against, does such a duty towards a guest arise." Id. at 220 (citing Davenport v. Nixon, 434 So.2d 1203, 1205 (La.App. 1 Cir.1983) (citing cases)); accord Pennington v. Church's Fried Chicken, Inc., 393 So.2d 360, 362 (La.App. 1 Cir. 1980); see also, e.g., Gottschalk v. Smith, 334 So.2d 102, 103 (Fla.App.1976), cert. denied, 341 So.2d 1085 (Fla.1976). While there is no Louisiana case involving similar facts as here, we find these cases are applicable. The alleged crime here, "peeping torn", has been codified as a crime in La. R.S. 14:284. Applying the principles enunciated, we find that because there is no evidence, that Travelodge employees knew or can be imputed with the knowledge there was a spying device in the Cangianos' hotel bathroom, Travelodge cannot be found to have violated its duty to them.
Appellants rely on an employee's testimony that employees had access to room keys, that one particular employee had made a pass at two female maids, and had a tendency to observe guests in the swimming pool. Appellants argue that it could have been this particular employee that installed and used the spying device. Probabilities, surmises, speculations, and conjectures are insufficient to prove negligence by a preponderance of the evidence. Leger v. Citron Ford, Inc., 589 So.2d 23 (La.App. 1 Cir.1991). The evidence presented by the appellants is purely speculative. It fails to connect any Travelodge employee with the alleged spying device found in their hotel bathroom. We, therefore, find that reasonable minds could not reach a contrary verdict, and, thus we further find no error in the trial court's grant of defendant's directed verdict.
Because we find the appellants failed to prove that the appellee breached its duty to them, we find it unnecessary to address whether they proved the existence of a spying device.
For the reasons assigned, we affirm the trial court's judgment. We order the appellants to bear the costs of this appeal.
AFFIRMED.