LOLLEY, J.
 

 | ]This appeal arises from a trial court judgment declaring invalid the trust provision of the final will and testament of James Clyde Wilkerson. In addition, the trial court found that a provision for a general legacy was not revoked by later provisions for particular legacies. For the following reasons, we affirm.
 

 Facts
 

 James Clyde Wilkerson (“the Testator”) executed his final will and testament on March 12, 2007. He died on July 19, 2007, survived by his wife Raye Marie Toups Wilkerson and his two children, James Clifton Wilkerson, II, and Edith Margaret Wilkerson Wong. The Testator’s children filed an action to annul the Testator’s will on November 21, 2007.
 

 The pretrial pleadings went through an extensive evolution of theories before the matter was heard on April 14, 2008. The two issues put before the trial court that are now issues on appeal are (1) the validity of a trust provision that committed testamentary dispositions to the choice of third persons, and (2) whether the insertion of three particular legacies invalidates a general legacy written earlier in the testament.
 

 The trial court found that the trust provision which committed the testamentary dispositions to the choice of third persons was in violation of La. R.S. 9:1802 and La. C.C. art. 1572. Further, the trial court found that striking the provision so defeated the purpose of the trust as to render the entire trust invalid. In addition, the trial court found that the placement of the three particular legacies (paragraphs 29, 30, and 31) at the end of the trust was inadvertent, the provisions were not incompatible with other |2provisions in the will, and did not constitute an intent on the part of the Testator to revoke the earlier written general legacy (paragraph 28).
 

 This appeal has taken on a sectarian nature wherein each of the three parties has named itself the appellant. The first party is composed of James Wilkerson, II, and Edith Wilkerson Wong, who ask this court to find that the trial court erred in finding that paragraphs 29, 30, and 31 were compatible with paragraph 28. The second party is the Testator’s surviving spouse, Raye Wilkerson, who argues that the trial court misapplied and misinterpreted the provisions of the trust code and went against the Testator’s intent by nullifying the entire testamentary trust. The third party
 
 [1]
 
 is a cumbersome group of executors, legatees, and trustees who also argue that the trial court erred in nullifying the entire trust.
 

 
 *1060
 
 Discussion
 

 The Trust
 

 In its reasons for judgment, the trial court gave an admirable, well-cited explanation for its finding that the entire trust was invalid. Paragraph 8(b) of the Testator’s will reads as follows:
 

 b.
 
 Principal Beneficiaries.
 
 The original principal beneficiaries of THE JIM WILKERSON TRUST shall be either James Clifton Wilkerson, II or Virginia Ann Reeves and Julie Berry or Ginger Ellen Lynn and Melanie W. Stephens or all of the above. The distribution of this property shall be left to the total discretion of the trustees as they see fit. They may distribute the property and income to either James Clifton Wilkerson, II or Virginia Ann Reeves and Julie Berry or Ginger Ellen Lynn and Melanie W. Stephens, or all as they see fit.
 

 |sNo party argues that the trial court erred in finding that this provision violates La. C.C. art. 1572 and La. R.S. 9:1802,
 
 [2]
 
 the latter providing:
 

 A beneficiary must be designated in the trust instrument, except as otherwise provided in this Code. The designation is sufficient if the identity of the beneficiary is objectively ascertainable solely from standards stated in the trust instrument.
 

 However, La. R.S. 9:2251 provides:
 

 If a provision in the trust instrument is invalid for any reason, the intended trust does not fail, unless the invalid provision cannot be separated from the other provisions without defeating the purpose of the trust.
 

 The removal of paragraph 8(b) from the trust removes the prospective principal beneficiaries, but leaves the Testator’s surviving spouse as the income beneficiary. Louisiana R.S. 9:1802 provides:
 

 A beneficiary must be designated in the trust instrument, except as otherwise provided in this Code. The designation is sufficient if the identity of the beneficiary is objectively ascertainable solely from standards stated in the trust instrument.
 

 Comment (c) states:
 

 If the trust instrument does not designate a beneficiary, the trust fails. If either a beneficiary of income or principal is designated, the trust does not fail.
 

 So, at this point it appears that the trust could be partially salvaged to keep the Testator’s surviving spouse as income beneficiary, and substitute |4the general legatees named in the will for those people named in the invalid paragraph 8(b). However, the trial court cited La. R.S. 9:2026, which provides in part:
 

 The proper court may order the termination or modification of a trust, in whole or in part, if:
 

 (1) The continuance of the trust unchanged would defeat or substantially impair the purposes of the trust.
 

 The trial court found that the express purpose of the trust was to give the Testator’s son an opportunity to receive a portion of his estate in the capacity of a principal beneficiary if deemed appropriate by the trustees, and that this purpose was defeated by the declaration that paragraph 8(b) of the will was invalid. Accordingly, the trial court terminated the entire trust.
 

 
 *1061
 
 In construing a trust, the set-tlor’s intention controls and is to be ascertained and given effect, unless opposed to law or public policy.
 
 Thomas v. Kneipp,
 
 43,228 (La.App. 2d Cir.05/28/08), 986 So.2d 175. Intent is an inherently factual finding.
 
 Klebanoff v. Haberle,
 
 43,102 (La.App. 2d Cir.03/19/08), 978 So.2d 598. A court of appeal may not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong.
 
 Thomas, supra.
 
 The issue to be resolved is not whether the trier of fact was right or wrong, but whether its conclusion was reasonable.
 
 Wood v. Spillers,
 
 37,087 (La.App. 2d Cir.04/09/03), 843 So.2d 555. Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong.
 
 Id.
 

 The testator did not decree who would certainly receive the principal of the trust in his will. Instead, the Testator charged named trustees to |.^bestow the principal and income, according to their discretion and in whatever percentage they deemed proper, to one or all of certain listed people. One of those listed as a potential principal beneficiary was the Testator’s son. That Louisiana law does not allow this manner of distribution is irrelevant as to a finding of the Testator’s intent.
 

 It is not manifestly erroneous or clearly wrong to conclude that the Testator arranged the trust in this manner for the purpose of influencing his son to “demonstrate stability and maturity” after the Testator’s death. This interpretation of the Testator’s intent is possibly correct. The question before this court is not whether the trial court’s finding of the Testator’s purpose was correct, but rather whether the trial court’s finding was reasonable given the facts on the record.
 
 Wood, supra.
 
 Finding the trial court’s conclusion reasonable, we affirm the judgment invalidating the entire trust.
 

 The Particular Legacies
 

 The Testator’s children argue that the trial court erred in finding that the general legacy provided in paragraph 28 of the will was not revoked by the particular legacies provided in paragraphs 29, 30, and 31. This argument has no merit. Placing these particular legacies after a general legacy that disposes of residual property is inartful; however, there is absolutely no evidence that the Testator intended to revoke any provision of his will. It is clear that he merely wished to add bequests of specific items of property to a testament with which he was otherwise satisfied.
 

 1 f,Conclusion
 

 For the reasons stated above, the findings of the trial court are affirmed in full. The costs of this appeal are to be shared equally by the three appellants.
 

 AFFIRMED.
 

 [1]
 

 . The third party comprises: Dr. Ed Eiland, executor and legatee; Virginia Ann Reeves, executrix and legatee; James E. Paxton, Trustee; Ginger Ellen Lynn, legatee; Melanie W. Stephens Rogers, legatee; Julie Edith Wilkerson Berry, legatee; Brian Kifer, legatee; sons of Michael and Stephen Reeves, legatees.
 

 [2]
 

 . See also Comment (d): In other states, a beneficiary may be designated through the exercise of a power of appointment. This section makes it impossible for the settlor to create a trust without a beneficiary or a reserve to himself or confer upon another the power to select a beneficiary subsequently.