BROWN, Chief Judge.
|; June and Sudhir Finch were guests at the Hilton Hotel in Shreveport, Louisiana. In the early morning hours of March 23, 2012, Sudhir Finch was arrested at the hotel for domestic abuse. June Finch, acting in proper person, filed this action against defendant, HRI Lodging, Inc., alleging that the hotel failed to exercise reasonable care in protecting her from harm. The trial court granted a motion for summary judgment filed by defendant and plaintiff appealed. The issues presented are whether the trial court erred in striking plaintiffs late-filed, opposition memo and affidavit and in granting defen *1041 dant’s motion for summary judgment. For the reasons set forth below, we affirm.

Facts and Procedural Background

The following facts are undisputed. Plaintiff, June Finch, and her then-husband, Sudhir Finch, were registered guests at the Hilton Hotel located at 104 Market Street in Shreveport, Louisiana on March 22-23, 2012.[1] In the early hours of March 23, a guest in a room adjoining the one occupied by the Finches called the front desk with a noise complaint. John Thomas, a security officer employed by the hotel, went to the Finches’ room. Thomas first spoke with Mr. Finch, who came to the door and identified himself. When Thomas explained to Mr. Finch the reason for his visit, Mr. Finch apologized. Thomas then spoke with Mrs. Finch. According to the security officer, Mrs. Finch had a mark on the side of her nose, and when he asked her about it, she told him that she had injured herself earlier at a local nightclub. According to Mrs. Finch she had blood |2on the side of her face and matted in her hair. Thomas asked Mrs. Finch if she wanted medical attention; she declined. He also asked her if she wanted him to call the police; she declined that offer as well. Before leaving the couple, Thomas told them that he would call the police if any further complaints were received.
Later that morning, after Thomas had left the Finches, the Shreveport Police Department got a telephone call from a friend of the Finches in North Carolina who was worried after having received a hang-up call from Mrs. Finch. An officer was dispatched to the Finch room at the Hilton and Mr. Finch was arrested and charged with domestic abuse, a violation of La. R.S. 14:35.3(L). According to the trial court, Mr. Finch eventually pled guilty to the charge.
On March 22, 2013, plaintiff, June Finch, acting in proper person, filed a petition against defendant, HRI Lodging, Inc., seeking damages for injuries she sustained at the hands of her husband, Sudhir Finch, after the security officer had left the room. Specifically, Mrs. Finch contended that the facial, head and neck injuries she sustained when her husband battered her in the hotel room were proximately caused by defendant’s failure to exercise reasonable care in: training and supervising its employees regarding the handling of domestic disputes; protecting the safety and security of their guests; and, the security officer’s inadequate response to the situation between plaintiff and her husband, which caused her to sustain additional injuries.
IsDefendant filed its answer on April 23, 2013, then filed a motion for summary judgment on September 27, 2013. This motion was set for argument on December 2, 2013. Plaintiff filed a response to the motion for summary judgment, which included an affidavit, sent via fax on November 26, 2013. At the outset of the December 2, 2013, hearing, the trial judge noted that plaintiffs response was untimely. At that point, defense counsel moved to strike plaintiffs opposition and affidavit. The trial judge let plaintiff address the court, but rather than offer an explanation or excuse for the late filing, she argued (actually testified) about the facts as set forth in her affidavit. The trial court asked some questions of plaintiff.
Mrs. Finch told the court, “I don’t deny (that I told the security officer that I was fine) because I was in no position to do anything with my husband standing there ...” The court said, “I think I would call the police in whatever city I’m in.” Mrs. *1042 Finch responded by stating that in North Carolina both parties would go to jail, “you know, they can make up anything they want to make up and say you hit them and then you both go down.... ” When the court asked why didn’t she sue Mr. Finch, she responded that he did not have any money.[2]
After defense counsel’s argument on the merits of the motion, the trial court found that plaintiffs opposition documents were not timely filed and therefore would not be considered. In granting defendant’s motion for summary judgment, the court further found that, based upon the information before the court, there was no duty on the part of the hotel to take action and [4in the alternative, if there was such a duty, there was no breach of this duty. It is from this judgment that plaintiff has appealed.

Discussion

Motion to Strike

Plaintiff first asserts that the trial court erred in striking her opposition memo and affidavit as untimely. As a pro se litigant, she contends that she attempted to comply with all of the procedural rules, and when she discovered her inadvertent error (that her response was actually due earlier than she thought), she faxed it to the court and opposing counsel. According to plaintiff, defendant was not prejudiced because it had the opposition filings well before the hearing. Under these circumstances, she argues that the trial court’s remedy, which was to strike plaintiffs memo and affidavit, was unduly harsh.
While pro se litigants should be allowed some latitude as they lack formal training in the law and its rules of procedure, see, Bankston v. Alexandria Neurosurgical Clinic, 94-693 (La.App.3d Cir.12/07/94), 659 So.2d 507, they do assume responsibility for their own inadequacy and lack of knowledge of both procedural and substantive law. Rader v. Dept. of Health and Hospitals, Office of Public Health, Engineering Services, 94-0763 (La.App. 1st Cir.03/03/95), 652 So.2d 644. Her failure to familiarize herself with the applicable procedural and substantive law does not give her any greater rights than a litigant represented by an attorney. Harrison v. McNeese State University, 93-288 (La.App. 3d Cir.03/23/94), 635 So.2d 318, writ denied, 94-1047 (La.06/17/94), 638 So.2d 1099.
| ¿La. C.C.P. art. 966(B)(1) provides that the party opposing a motion for summary judgment may serve opposing affidavits, and if such opposing affidavits are served, the opposing affidavits and any memorandum in support thereof shall be served pursuant to La. C.C.P. art. 1313 within the time limits set forth in the Uniform Rules of Louisiana District Courts. District Court Rule 9.9(b) provides in part that a party who opposes an exception or motion shall concurrently furnish the trial judge and serve on all other parties an opposition memorandum at least eight calendar days before the scheduled hearing.
The time limitation established by La. C.C.P. art. 966(B)(1) for the serving of affidavits in opposition to a motion for summary judgment is mandatory. Guillory v. Chapman, 10-1370 (La.09/24/10), 44 So.3d 272; Buggage v. Volks Constructors, 06-0175 (La.05/05/06), 928 So.2d 536. Untimely filings can be ruled inadmissible and properly excluded by the trial court. Oubre v. Louisiana Citizens Fair Plan, *1043 11-0097 (La.12/16/11), 79 So.3d 987, cert. denied, — U.S. —, 133 S.Ct. 30, 183 L.Ed.2d 677 (2012); Buggage, supra. The purpose of requiring that the opposition memorandum be served on the mover at least eight days before the hearing is to allow both the court and parties sufficient time to narrow the issues in dispute and prepare for argument at the hearing. Buggage, supra; Mahoney v. East Carroll Parish Police Jury, 47,494 (La.App.2d Cir.09/26/12), 105 So.3d 144, writ denied, 12-2684 (La.02/08/13), 108 So.3d 88; Woodall v. Weaver, 43,050 (La.App.2d Cir.02/13/08), 975 So.2d 750. A trial court’s |fiexclusion of an opposition to a motion for summary judgment will be reviewed by the appellate court for an abuse of discretion. Id.
In the instant case, plaintiffs opposition was filed less than eight calendar days before the hearing, and was untimely under La. C.C.P. art. 966(B)(1) and District Court Rule 9.9(b). We find that the trial court did not abuse its discretion in striking the untimely opposition filings. However, we note that the trial court had read plaintiffs opposition and considered her in court argument/testimony. Plaintiffs affidavit as well as her argument/testimony before the trial court is included in the record. In Hubbard v. North Monroe Medical Center, 42,744 (La.App.2d Cir.12/12/07), 973 So.2d 847, unit denied, 08-0101 (La.03/07/08), 977 So.2d 907, this court allowed an untimely opposition to a motion for summary judgment due to fundamental fairness; however, this court then found that its content did not warrant reversal of the summary judgment ruling.

Summary Judgment

Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Huey v. Caldwell Parish School Board, 47,704 (La.App.2d Cir.01/16/13), 109 So.3d 924, writ denied, 13-0395 (La.04/01/13), 110 So.3d 589. Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and that the mov-ant is entitled to summary judgment as a matter of law. La. C.C.P. art. 966(B). When a motion for summary judgment is properly |7made and supported, the adverse party may not rest on the mere allegations or denials of his pleading, but he must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967(B). This requires the plaintiff to make a positive showing of evidence creating a genuine issue as to an essential element of her claim; mere speculation is not sufficient. Babin v. Winn-Dixie Louisiana, Inc., 00-0078 (La.06/30/00), 764 So.2d 37; Lewis v. Pine Belt Multipurpose Community Action Acquisition Agency, Inc., 48,880 (La.App.2d Cir.05/07/14), 139 So.3d 562, units denied, 14-0988, 14-1190 (La.08/25/14), 147 So.3d 1120, 1121. If the adverse party fails to produce the required factual support to show that she will be able to meet her evidentiary burden at trial, there is no genuine issue of material fact and summary judgment is inappropriate. La. C.C.P. art. 966(C)(2); Lewis, supra.
In determining whether to impose liability under La. C.C. art. 2315, Louisiana courts perform a duty-risk analysis to determine whether liability exists under the facts and circumstances of a particular case. Pinsonneault v. Merchants & Farmers Bank & Trust Co., 01-2217 (La.04/03/02), 816 So.2d 270. Under this analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defen *1044 dant failed to conform his or her conduct to an appropriate standard of care; (8) the defendant’s substandard conduct was a cause-in-fact of the plaintiffs injuries; (4) the defendant’s substandard conduct was a legal cause of the plaintiffs injuries; and (5) actual damages. Id.; Huey, supra; Lowery v. Wal-Mart Stores, Inc., 42,465 (La.App.2d Cir. 09/19/07), 965 So.2d 980. Failure to prove any of the elements of the duty-risk analysis results in a determination of no liability. Huey, supra; Carroll v. State Farm Fire & Casualty Co., 31,652 (La.App.2d Cir.05/05/99), 782 So.2d 1263.
Under the traditional duty-risk analysis, whether a duty is owed is a question of law. Maw Enterprises, L.L.C. v. City of Marksville, 14-0090 (La.09/03/14), 149 So.3d 210; Hardy v. Bowie, 98-2821 (La.09/08/99), 744 So.2d 606. Duty is a threshold issue in any negligence action. Milbert v. Answering Bureau, Inc., 13-0022 (La.06/28/13), 120 So.3d 678; Lemann v. Essen Lane Daiquiris, Inc., 05-1095 (La.03/10/06), 923 So.2d 627. The inquiry is whether the plaintiff has any law-statutory, jurisprudential, or arising from general principles of fault-to support her claim. Hardy, supra; Lemann, supra. In deciding whether to impose a duty in a particular case, the court must make a policy decision in light of the unique facts and circumstances presented. Id.; Socorro v. City of New Orleans, 579 So.2d 931 (La.1991).
In the instant ease, plaintiff has alleged that defendant breached its duty to exercise reasonable care in the supervision and/or training of its employees, specifically its security officers. Other than this bare allegation, plaintiff has alleged no facts in support of this contention. See, Jackson v. Ferrand, 94-1254 (La.App. 4th Cir.12/28/94), 658 So.2d 691, writ denied, 95-0264 (La.03/24/95), 659 So.2d 496. Plaintiff has also alleged that defendant breached its duty to protect the safety and security of its guests |9from the unreasonable risk of physical harm from another guest which caused her to suffer further injury at the hands of her husband.
An innkeeper does not insure his guests against the risk of injury or property loss resulting from violent crime. Kraaz v. La Quinta Motor Inns, Inc., 410 So.2d 1048 (La.1982); Jackson, supra. Innkeepers have a duty to take reasonable precautions to protect their guests from the criminal activities of third parties on the hotel premises. Id.; Cangiano v. Forte Hotels, Inc., 00-40 (La.App. 5th Cir.10/31/00), 772 So.2d 879, writ denied, 00-3254 (La.01/26/01), 782 So.2d 636; Banks v. Hyatt Corp., 122 F.2d 214 (5th Cir.(La.) 1984).
When, as in the instant case, a business or an innkeeper undertakes the duty to provide security on and in its premises, the duty has been described as follows. In Dye v. Schwegmann Brothers Giant Supermarkets, Inc., 627 So.2d 688, 694-5, writ denied, 93-3111 (La.03/11/94), 634 So.2d 401, the Fourth Circuit observed, “Security cannot protect from every crime, and performance of a duty with due care will not protect from this type of crime (armed robbery and murder in the store parking lot) in every case. Our review of the facts leads us to conclude that Schweg-mann discharged its duty in a reasonable manner calculated to prevent patrons from criminal assault.” In Posecai v. Wal-Mart Stores, 99-1222 (La.11/30/99), 752 So.2d 762, 765, the Louisiana Supreme Court, in determining whether Sam’s Club owed a duty to Mrs. Posecai, who was the victim of an armed robbery in their parking lot, defined the merchant’s duty to provide security as a “duty to protect against the foreseeable criminal acts of third persons.”
*1045 | mThis duty does not extend to the unforeseeable or unanticipated criminal acts of third parties. Cangiano, supra; Ballew v. Southland Corp., 482 So.2d 890 (La.App. 2d Cir.1986). Only when the owner, management or employees of a business have or should have knowledge of a third person’s intended injurious conduct that is about to occur and which is within the power of the owner, management or employees to protect against, does the duty arise. Id.; Banks, supra.
In this case, the security officer did not breach the duty he, as an employee of defendant, owed to plaintiff, nor did he have a duty to act further because he neither knew nor should have known that Sudhir Finch, plaintiffs husband, posed a potential danger to plaintiff (i.e., Mr. Finch’s criminal acts against his wife were not foreseeable). Sudhir and June Finch checked into the Hilton together as husband and wife. They occupied one room together. There is no evidence that anyone at the hotel observed any discord or contentious behavior between the spouses prior to the noise complaint made by the guests in the adjoining room. When the security officer went to investigate the complaint, he saw and spoke with both Mr. and Mrs. Finch and, other than the security officer’s opinion that both appeared intoxicated, he did not observe anything that would cause him to think that Mr. Finch would later commit battery upon his wife. The security officer did see a facial injury and, as she admitted, Mrs. Finch told the security officer that she was fine and needed no medical attention. In conclusion, the incident that took place after the security officer’s investigation of the initial noise complaint was not foreseeable and therefore Inthe trial court did not err in granting summary judgment in favor of defendant based upon its conclusion that defendant’s duty did not extend to the protect plaintiff from the criminal conduct of her husband in this case. See, e.g., Millet ex rel. Millet v. Treasure Chest Casino, L.L.C., 02-1096 (La.App. 5th Cir.03/25/03), 844 So.2d 175.

Conclusion

For the reasons set forth above, the judgment of the trial court is AFFIRMED.

. June has divorced Sudhir and has remarried.

. Although the pleadings on file show that Mrs. Finch's address is Dayton, Ohio, she gave the trial court a North Carolina address.