STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-20

BETH DUFOUR AND DREW DUFOUR

VERSUS

THE SCHUMACHER GROUP OF
LOUISIANA, INC., ET AL

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 254,175
HONORABLE THOMAS M. YEAGER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

VAN H. KYZAR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Phyllis M. Keaty, and Van H. Kyzar, Judges.

**REVERSED; VACATED; AND REMANDED.**

Christopher J. Roy, Jr.
P. O. Box 1592
Alexandria, LA 71309-1592
(318) 487-9537
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Beth Dufour
    Drew Dufour

Brandon A. Sues
Sarah Spruill Couvillon
Gold, Weems, Bruser, Sues & Rundell
P. O. Box 6118
Alexandria, LA 71307-6118
(318) 445-6471
COUNSEL FOR DEFENDANT/APPELLEE:
    Rapides Healthcare System, L.L.C. D/B/A
    Rapides Regional Medical Center

Gary J. Delahoussaye
Gachassin Law Firm
P. O. Box 80369
Lafayette, LA 70598-0369
(337) 235-4576
COUNSEL FOR DEFENDANTS/APPELLEES:
    The Schumacher Group of Louisiana, Inc.
    Ross J. Fremin, M.D.

**KYZAR, Judge.**

Plaintiffs, Beth and Drew Dufour, wife and husband, filed a petition for damages for alleged medical malpractice against defendants: Rapides Regional Medical Center (RMC)[1]; Dr. Ross Fremin, an emergency room physician working at RMC on the day of the alleged incident giving rise to the claim; and Schumacher Group of Louisiana, LLC, the alleged direct employer of Dr. Fremin. The Dufours appeal the trial court's granting of summary judgment in favor of defendant, RMC, dismissing plaintiffs' claims against the hospital with prejudice, as well as the trial court's denial of plaintiffs' motion for a new trial thereafter. For the reasons assigned, we reverse; vacate; and remand.

## FACTS AND PROCEDURAL HISTORY

On October 5, 2012, Beth Dufour was approximately six weeks pregnant when she presented herself to the emergency room at RMC suffering from sharp pains on her right side and heavy vaginal bleeding. The Dufours state that the ER was very busy that day and that they were required to wait for a significant period of time in the waiting area of the ER. After four hours, Beth was discharged from the ER, having never been examined directly by the ER on-call physician, Dr. Fremin, although blood was drawn by a Nurse Practitioner for testing and an ultrasound was performed. The Dufours were eventually told by Dr. Fremin that Beth had suffered a miscarriage and were given discharge instructions for such. No other potential diagnosis was offered.

During the events leading to her diagnosis and ultimate discharge from the hospital, Beth requested to see an obstetrician/gynecologist (OB/GYN) but was purportedly told by Dr. Fremin that such a consultation was not necessary.

---

[1] RMC responded to plaintiffs' petition, citing its correct legal name as Rapides Healthcare System, L.L.C., d/b/a Rapides Regional Medical Center.

However, after being discharged from the hospital, Beth began to experience increased pain and bleeding, fever, and further complications. Beth scheduled an appointment with her personal OB/GYN, who diagnosed her as having an ectopic pregnancy. The complications that arose from her ectopic pregnancy required immediate surgery and the removal of Beth's right fallopian tube.

On October 20, 2015, the Dufours filed a Petition for Damages, naming RMC, Dr. Fremin, and Dr. Fremin's employer as defendants. The Dufours' petition alleged that RMC breached the required medical standard of care, which resulted in Beth's damages including the loss of her fallopian tube. The claim had been previously submitted to a medical review panel on August 16, 2013, as required by the Louisiana Medical Malpractice Act (MMA) pursuant to La.R.S. 40:1231.1 – La.R.S. 40:1240. The medical review panel rendered a decision that neither RMC nor Dr. Fremin violated the applicable standard of care. It is noted that the Dufours oppose the decision of the panel, contending that it was based solely on disputed facts and hospital medical records that are inconsistent, incomplete, and inaccurate.

Eight months after filing answers to the lawsuit, RMC filed a motion for summary judgment based primarily on the conclusion of the medical review panel that RMC did not violate the applicable standard of care in the diagnosis and treatment of Beth Dufour. On May 26, 2017, the Dufours filed an opposition to RMC's motion for summary judgment, attaching the affidavits of Dr. Thomas Arnold, a board-certified emergency room physician, and Beth Dufour. After two previous continuances, the motion for summary judgment was set for hearing on June 12, 2017, along with a motion to continue filed by the Dufours. The trial court granted the Dufours' motion to continue the hearing and permitted them to engage in additional discovery for the purpose of adequately defending against

2

RMC's summary judgment motion. On June 27, 2017, the Dufours filed discovery requests, including requests for records and the setting of depositions of corporate representatives of the defendants. After issuing no objection at the hearing granting the Dufours additional discovery, RMC filed a motion to quash the additional discovery requests and a motion for a protective order on June 29, 2017. Despite having previously granted the Dufours the right to continue discovery efforts at the June 12, 2017 hearing, the trial court granted RMC's motion to quash the discovery requests and granted the motion for a protective order on August 1, 2017.

In preparation for the original summary judgment hearing, the Dufours initially filed an opposition to the motion for summary judgment, which included an affidavit by Beth and an affidavit of Dr. Arnold, limited to the issue of informed consent. After being granted a continuance for the purposes of conducting additional discovery, the Dufours filed a supplemental opposition to the motion for summary judgment on August 4, 2017, in preparation for the rescheduled hearing on August 21, 2017. The supplemental opposition included a supplemental affidavit of Dr. Arnold as well as the affidavit of Dr. Christina Lord, a board-certified OB/GYN physician. RMC moved to strike the supplemental response, including the expert witness affidavits. At the hearing, the trial court orally denied the motion to strike the supplemental opposition and the attached affidavits. However, in written reasons signed on August 30, 2017, the trial court recanted its oral judgment and granted RMC's motion to strike. It also granted RMC's motion for summary judgment and later signed a formal judgment to that effect, stating that it specifically found that "based on the evidence presented that Rapides Healthcare System, L.L.C. d/b/a Rapides Regional Medical Center was not at

3

fault[.]" The trial court then dismissed the Dufours' claims against RMC, with prejudice.

On September 26, 2017, the Dufours filed a motion for a new trial, which was denied by the trial court, and this appeal followed. On appeal, the Dufours raise three assignments of error.

1. The trial court erred as a matter of law, and misinterpreted this Court's decision in *Baez v. Hosp. Serv. Dist. No. 3 of Allen Parish*, in striking the Dufours' opposition to the Hospital's motion for summary judgment, and in granting summary judgment.

2. The trial court abused its discretion in granting the Hospital's motion to quash relevant and necessary discovery and in granting a protective order, both of which deprived the Dufours of an opportunity for adequate discovery before summary judgment.

3. The trial court abused its discretion, erred as a matter of law, and misinterpreted this Court's decision in *Baez v. Hosp. Serv. Dist. No. 3 of Allen Parish*, in denying the Dufours' motion for new trial.

## OPINION

### *Motion to Strike*

The Dufours' first assignment of error asserts that the trial court erred in granting RMC's motion to strike the Dufours' supplemental opposition to the summary judgment motion, including the affidavits of the two experts filed on August 4, 2017, and in granting RMC's motion for summary judgment. Louisiana Code of Civil Procedure Article 966(A)(2) provides that summary judgment procedure is favored and that it "is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." It further provides that summary judgment "shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). Although the burden of proof rests with the mover, if the mover will not bear the burden of proof at trial then he need only point out to

4

the trial court "the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La.Code Civ.P. art. 966(D)(1). Once this occurs, the burden shifts to "the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

In the case at hand, we must first review the decision of the trial court granting RMC's motion to strike the Dufours' supplemental memorandum and affidavits filed in opposition to RMC's motion for summary judgment. The resolution of this issue directly affects our review of whether summary judgment was properly or improperly granted by the trial court. "A trial court's exclusion of an opposition to a motion for summary judgment will be reviewed by the appellate court for an abuse of discretion." *Finch v. HRI Lodging, Inc.*, 49,497, pp. 5-6 (La.App. 2 Cir. 11/19/14), 152 So.3d 1039, 1043.

The hearing on the motion for summary judgment was initially scheduled for June 12, 2017, but it was continued by the trial court on motion of the Dufours and reset to be heard on August 21, 2017. Specifically, the trial court granted the Dufours' request for a continuance on June 12, 2017, for the express purpose of granting them time to conduct additional discovery required ostensibly to reply fully to RMC's motion for summary judgment. Louisiana Code of Civil Procedure Article 966(B) provides the time limits for the filing of an opposition to a motion for summary judgment, as follows:

> B. Unless extended by the court and agreed to by all of the parties, a motion for summary judgment shall be filed, opposed, or replied to in accordance with the following provisions:
>
> (1) A motion for summary judgment and all documents in support of the motion shall be filed and served on all parties in accordance with Article 1313 not less than sixty-five days prior to the trial.

5

(2) Any opposition to the motion and all documents in support of the opposition shall be filed and served in accordance with Article 1313 not less than fifteen days prior to the hearing on the motion.

(3) Any reply memorandum shall be filed and served in accordance with Article 1313 not less than five days prior to the hearing on the motion. No additional documents may be filed with the reply memorandum.

(4) If the deadline for filing and serving a motion, an opposition, or a reply memorandum falls on a legal holiday, the motion, opposition, or reply is timely if it is filed and served no later than the next day that is not a legal holiday.

RMC argues that the Dufours "did not request time to file additional expert affidavits nor did the Court order that plaintiffs be allowed to file additional expert affidavits" in their motion to continue, as is required to file pleadings not in compliance with the provisions of La.Code Civ.P. art. 966(B). However, as shown above, the only time limitation imposed upon the filing of an opposition to a motion for summary judgment is that any and all opposition and accompanying documents must be filed "not less than fifteen days prior to the hearing on the motion." La.Code Civ.P. art. 966(B)(2). Further, "[t]he purpose of requiring that the opposition memorandum be served on the mover at least eight days[2] before the hearing is to allow both the court and parties sufficient time to narrow the issues in dispute and prepare for argument at the hearing." *Finch*, 152 So.3d at 1043. Therefore, based upon the plain wording and intent of the above article, the Dufours had at least until August 6, 2017, to file and serve any timely opposition documents regarding the August 21, 2017 summary judgment hearing without court approval.

RMC, however, urges that the Dufours' supplemental opposition and attached affidavits filed on August 4, 2017, seventeen days before the hearing,

---

[2] Louisiana Code of Civil Procedure Article 966 was amended by 2015 La. Acts No. 422, § 1. The effective date of the Act was January 1, 2016. The previous version allowed opposition documents to be filed not less than eight days prior to the hearing as set by Rule 9.9 of the District Court Rules.

were untimely. RMC emphasizes that the two expert affidavits attached to the Dufours' August 4, 2017 supplemental opposition were not obtained "until *after* the original hearing date of June 12, 2017, and *after* the plaintiffs had already obtained and filed an affidavit by Dr. Arnold." We do not find this argument persuasive.

It is clearly established that it is not an abuse of discretion to exclude materials that are not timely filed, especially given the mandatory language of La.Code Civ.P. art. 966(B). *Buggage v. Volks Constructors*, 06-175 (La. 5/5/06), 928 So.2d 536. Other courts of this state have also held that district courts, in applying the deadline imposed by the article, even have the discretion to consider late-filed opposition materials, absent prejudice to the mover. *Smith v. Rapides Healthcare Sys., L.L.C.*, 13-1172 (La.App. 3 Cir. 3/5/14), 134 So.3d 122. Neither of these rules are implicated in the instant case though, where the original and supplemental opposition were both filed within the deadline set by La.Code Civ.P. art. 966(B).

The rescheduling of the hearing reset the time for the filing of opposition documents. *Mahoney v. East Carroll Parish Police Jury*, 47,494 (La.App. 2 Cir. 9/26/12), 105 So.3d 144, *writ denied*, 12-2684 (La. 2/8/13), 108 So.3d 88. The supplemental opposition documents, including the affidavits of the medical experts, were filed on August 4, 2017. The hearing on the motion for summary judgment was scheduled for August 21, 2017. While RMC notes that the Dufours did not request time to file additional expert affidavits nor did the trial court order that they be allowed to file additional expert affidavits, we note that neither did the trial court deny the right to file any supplemental response affidavits. The trial court simply continued the hearing on the motion for summary judgment and agreed to reschedule the hearing, "thereby allowing the [non-mover] additional time to file

7

its opposition." *Id.* at 151. The trial court, when the motion to strike was initially considered at the hearing on August 21, 2017, noted this and even ruled to deny RMC's objections and permit the filing and attached affidavits. However, the trial court then reversed itself in its later written ruling, as follows:

> The Court finds this ruling was error and reverses its previous oral findings on August 21, 2017, pursuant to *Baez v. Hospital Service District No. 3 of Allen Parish, et al,* 216 So.3d 98 (2017); 2016-951 (La.App. 3 Cir. 4/5/17) and *Nix El v. Williams,* 174 F.Supp.3d 87, 92 (D.D.C. 2016).

> La. C.C.P. Art. 966(B) does not provide for the filing of a surreply memorandum. It only allows for the filing of a motion for summary judgment, opposition and a reply. Furthermore, even if the Court considered Dufours' [sic] motion to file a surreply as a reply memorandum, she would not be allowed to file the affidavits of Dr. Thomas Arnold and Dr. Christina Lord with the surreply because La. C.C.P. Art. 966(B)(3) does not allow for the filing of additional documents with the reply.

> Therefore, for the above reasons, the defendants' "Objection to Plaintiffs' Supplemental Oppositions and Opposing Exhibits" is granted and the plaintiffs' surreply memorandum and attached affidavits will not be considered by the Court.

After review, we find that RMC misinterprets, and the trial court misapplied, the holding in *Baez* concerning the filing of surreply memorandum and documents. *Baez v. Hosp. Serv. Dist. No. 3 of Allen Parish,* 16-951 (La.App. 3 Cir. 4/5/17), 216 So.3d 98. *Baez* does not stand for the proposition that a party is only permitted to file a single opposition without the ability to supplement that opposition even when the supplemental opposition is filed within the delays provided for in La.Code Civ.P. art. 966(B). The *Baez* court dealt with the admissibility of a surreply filed one day before the hearing on a motion for summary judgment. As noted by this court in *Baez,* "[t]he purpose of a surreply is to enable the non-movant to contest matters presented for the first time in the opposing party's reply." *Baez,* 216 So.3d at 105 (quoting *Nix El v. Williams,* 174 F.Supp.3d 87, 92 (D.D.C. 2016)).

8

The filings on behalf of the Dufours were not filed as a surreply. The documents were filed as part of the Dufours' response to the original motion for summary judgment. Because the hearing on the motion for summary judgment was reset, the deadline for filing opposition documents to the motion was reset as well in the absence of any limiting orders from the trial court, of which there were none in this case. *See Mahoney*, 105 So.3d 144. Accordingly, the deadline for the filing of opposition documents, including the attached affidavits, became August 6, 2017. The Dufours filed the stricken opposition and expert affidavits on August 4, 2017. Thus, the trial court had no authority to disallow the supplemental affidavits and, therefore, abused its great discretion in striking the affidavits of the Dufours' experts.

### Motion for Summary Judgment

Having concluded that the trial court erred in striking the Dufours' opposition affidavits to the motion for summary judgment, we now conduct our own *de novo* review of the motion for summary judgment, considering the subsequently filed opposition evidence in addition to the other evidence submitted in support and in opposition thereto.

> Appellate review of the granting of a motion for summary judgment is *de novo*, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Bonin v. Westport Ins. Corp.*, 05-0886, p. 4 (La.5/17/06), 930 So.2d 906, 910; *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342, 345 (La.1991). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966; *Duncan v. USAA Ins. Co.*, 06-0363, p. 4 (La.11/29/06), 950 So.2d 544, 546-547. A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Hines v. Garrett*, 04-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765 (*per curiam*)(citing *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751). A genuine issue of material fact is one as to which reasonable persons could disagree; if

9

reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Hines*, 876 So.2d at 765-66.

*Smitko v. Gulf S. Shrimp, Inc.*, 11-2566, pp. 7-8 (La. 7/2/12), 94 So.3d 750, 755.

We first note that counsel for RMC conceded at the oral argument hereon that if the supplemental opposition evidence were to be considered, material issues of fact which are sufficient to defeat its motion for summary judgment do exist. We agree. Where "[t]he record fully supports this concession[,]" we need "not discuss it further." *Kozlowski v. Fowler*, 71 So.2d 246, 249 (La.App. 4 Cir. 1954). The record in the current case indeed supports this concession. Further, though the summary judgment procedure is favored, it is not a substitute for a trial on the merits. *Brock v. Marathon Ashland Oil Refinery*, 07-471 (La.App. 5 Cir. 5/13/08), 986 So.2d 694.

RMC relies solely on the decision and opinion of the medical review panel in support of its motion for summary judgment. However, the Dufours contend that the hospital medical records, which were the only thing relied upon by the medical review panel, contain discrepancies that require clarification. The affidavits attached to the Dufours' opposition clearly evidence a genuine issue of material fact. "In deciding a motion for summary judgment, the court must assume that all of the affiants are credible." *Joliboix v. Cajun Comfort, Inc.*, 16-414, p. 4 (La.App. 5 Cir. 12/7/16), 207 So.3d 655, 658.

Beth's affidavit, which was filed with the original opposition to the motion for summary judgment, stated multiple, direct contradictions to certain information found in the hospital records relied upon by the medical review panel and set out fact questions concerning the purported inaccuracy of the records. She notes the charting of her pain level by nurses to have been written as either a 0, 2, or 4, to which she states, "I never told the nurses that my pain was at that level." Beth

10

argues that the inaccurately charted pain levels in the record likely had a profound effect both on the medical panel's decision and the treatment by Dr. Fremin, the emergency department physician. She also points out that the records state she was taken to receive an ultrasound by stretcher, when she in fact walked herself to the ultrasound room. The record reflects she received two separate ultrasounds, while Beth asserts she only had one. Further, of the ultrasound she did have, the record billing sheet shows she was billed and coded for an ultrasound after the first trimester, despite being only six weeks pregnant at the time. Beth contends that the "information within the chart is fraudulent" and that the accompanying audit information "contains inconsistent information relative to the persons [she] saw within the ER and the care provided at certain times."

The Dufours also submitted two affidavits prior to the hearing on August 21, 2017: one of Dr. Arnold, a board-certified emergency medicine expert, and one of Dr. Lord, a licensed, practicing OB/GYN. Both expert witnesses state that RMC breached the applicable standard of care in its treatment of Beth, giving detailed reasons for the conclusions, directly in opposition to the opinion of the medical review panel on which the trial court relied to grant the motion for summary judgment. A genuine issue of material fact is one as to which reasonable persons could disagree. *Edwards v. Larose Scrap & Salvage, Inc.*, 11-1412 (La.App. 3 Cir. 4/4/12), 89 So.3d 1227, *writ denied*, 12-1510 (La. 10/12/12), 98 So.3d 870. In determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. *Tepper v. Red River Academy, L.L.C.*, 14-1028 (La.App. 3 Cir. 2/4/15), 157 So.3d 1142. Thus, based on the admissible evidence presented in support of and against the motion for summary judgment, we conclude that there exists material issues of fact that preclude the granting of the motion.

11

*Motion to Quash and Protective Order/Motion for New Trial*

The Dufours next assert that the trial court abused its discretion in granting RMC's motion to quash relevant and necessary discovery and in granting a protective order, both of which deprived them of an opportunity for adequate discovery prior to summary judgment. Our finding that the trial court erred in granting summary judgment in favor of RMC requires us to vacate the decision of the trial court granting the motion to quash and the protective order in favor of RMC, as our remand for further proceedings renders this issue moot and new scheduling orders in the trial court will be necessary for the progression of the case, at the trial court's discretion. Likewise, our reversal of the summary judgment renders moot the Dufours' allegation of error in the denial of their motion for a new trial.

## DECREE

For the reasons set forth herein, we reverse the decision of the trial court granting the motion to strike the supplemental opposition and accompanying affidavits filed on behalf of Plaintiffs, Beth and Drew Dufour, and granting summary judgment in favor of Rapides Regional Medical Center. We further vacate the trial court's judgment quashing the Dufours' request for relevant and necessary discovery and the granting of a protective order in favor of Rapides Regional Medical Center. Accordingly, this matter is remanded for further proceedings consistent with our opinion. Costs of this appeal are assessed to Rapides Healthcare System, L.L.C. d/b/a Rapides Regional Medical Center.

**REVERSED; VACATED; AND REMANDED.**

12