Judgment rendered July 16, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,181-CW

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

LARESIA SEABERRY, ET AL                    Plaintiffs-Respondents

versus

GOAUTO INSURANCE                           Defendants-Applicants
COMPANY, ET AL

* * * * *

On Application for Writs from the
Monroe City Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2023-CV-01142

Honorable Tammy Deon Lee, Judge

* * * * *

CYD SHEREE PAGE                            Counsel for
                                          Defendants-Applicants,
                                          GoAuto Insurance
                                          Company and
                                          Purvis Thompson

OFFICE OF ANTHONY J. BRUSCATO              Counsel for
By: Anthony J. Bruscato                    Plaintiffs-Respondents,
                                          Laresia Seaberry,
                                          Terdrick Wilson, and
                                          Tedrico Wilson

SHENITA HUMPHREY                           In Proper Person,
                                          Defendant-Respondent

NANCY RUTH LANDRY
Secretary of State

Counsel for
Defendant-Respondent,
Imperial Fire & Casualty
Insurance Company

* * * * *

Before COX, ROBINSON, and HUNTER, JJ.

**HUNTER, J.**

The trial court denied a motion for summary judgment filed by defendants, GoAuto Insurance Company and Purvis Thompson. Defendants sought supervisory review of the ruling, and this Court granted defendants' writ application to review the correctness of the trial court's ruling. For the following reasons, we grant the writ, reverse the judgment of the trial court, grant the motion for summary judgment filed by GoAuto Insurance Company and Purvis Thompson, and dismiss plaintiffs' claims against them with prejudice.

## FACTS

On December 29, 2022, the driver of a red GMC Canyon pickup truck backed into the rear passenger side of a 2009 Kia Spectra operated by plaintiff, Laresia Seaberry. The Kia Spectra was occupied by Seaberry, her minor son, Tedrico Wilson, and her son's father, Terdrick Wilson. The incident occurred in the parking lot of a convenience store on South 2nd Street in Monroe, Louisiana. The male driver of the GMC Canyon did not provide Seaberry with his driver's license. However, an unidentified woman approached Seaberry and handed her an insurance identification card and booklet. The insurance card the woman provided was issued by GoAuto Insurance Company ("GoAuto"), listed a silver 2017 Buick Envision as the covered automobile, and named Purvis Thompson as the owner of the Buick Envision and named insured under the policy.

Seaberry took photographs of the license plate of the GMC Canyon and the insurance card at the scene. Subsequently, Seaberry called the Monroe Police Department ("MPD"), and the dispatcher advised her to exchange information with the other driver because the MPD did not

investigate accidents that occurred on private property. Seaberry decided to go to the MPD to file a police report. During the visit, she learned the insurance card the woman had given her was "for a different truck," and the GMC Canyon involved in the accident was owned by Shenita Humphrey.[1]

On June 23, 2023, plaintiffs, Seaberry, Terdrick Wilson, and Tedrico Wilson, filed a petition for damages against GoAuto and Thompson, alleging Thompson was "operating his 2017 Buick" at the time of the accident. Plaintiffs later amended the petition to allege as follows:

> At the time of the crash, the party who exited the vehicle which backed into [Seaberry's] vehicle identified himself as Purvis Thompson, and furnished an insurance ID card, showing his name and coverage by GoAuto, said documentation brought to the crash site following the crash, by an adult female.
>                                  ***

On February 12, 2024, defendants, GoAuto and Thompson, filed a motion for summary judgment and a request for sanctions. Defendants attached photographs of the license plate of the GMC Canyon and the insurance card provided to Seaberry at the scene, excerpts from the deposition testimony of Seaberry and Thompson, and an affidavit from Shelly Brooks, the underwriting manager for GoAuto.

In her affidavit, Brooks attested the only policy provided by GoAuto to Thompson was for a 2017 Buick Envision. Brooks also attested GoAuto did not provide a policy of insurance to Shenita Humphrey or issue a policy covering the GMC Canyon involved in the accident.

In her deposition, Seaberry testified as to the facts of the case, as set forth above. She also testified an unidentified woman approached her at the

---

[1] Shortly after the accident, Seaberry obtained the security camera footage from the convenience store, which depicted the man driving the GMC Canyon. During her deposition, Seaberry testified she had not yet given the video to her attorney, and the record does not contain any additional reference to the video.

2

scene of the accident and handed her the insurance information. Seaberry stated as follows:

> A lady walked up, come from out of nowhere and gave me the insurance [card]." *** I don't know if she was in the car with him. I didn't see nobody [sic] in the truck with him. All I know is I was sitting in the back of the truck taking a picture. She just came out[.]

Thompson testified he lives in Lake Providence, Louisiana, he was visiting family members in Texas when the accident occurred, and he was not involved in the accident. Thompson also testified he owns two vehicles, a silver Buick Envision, insured by GoAuto, and a blue Dodge Ram, insured by Allstate Insurance Company. He further testified he did not own a GMC Canyon, he did not know the identity of the driver of the GMC Canyon, he did give anyone permission to use his insurance identification card, he did not know the identity of the woman who was in possession of his insurance information, and he did not know how the woman obtained possession of his insurance identification card and booklet.

Seaberry attended Thompson's deposition, and she was able to confirm that Thompson was not the person who was driving the GMC pickup truck involved in the accident. The following exchange occurred between Thompson and plaintiffs' counsel during Thompson's deposition:

> THOMPSON: [B]ut my thing is, your client never seen me before, because I never seen your client before. And the thing about it is that I don't know – I mean if your client is telling the truth, she'll tell you that I wasn't the one driving the Canyon truck.
>
> COUNSEL: Well, that's why she's not here. I asked her on the way out, is that Mr. Thompson? She says that's not the gentleman.
>
> THOMPSON: That's not me.

COUNSEL:	No, she said that's not the gentleman that was involved in the accident with me. I said, "Well, fine. I'll see you later." And so someone was impersonating you with your name and someone, a lady produced an insurance ID that has your name on it, that has that Buick that is your Buick. Do you see why she filed a lawsuit against a Purvis Thompson?

THOMPSON:	I see why now, but my thing is, like I said, again, I know it wasn't me, and that's the truth.

***

Defendants argued the evidence submitted in support of the motion for summary judgment established the following facts: (1) Thompson was neither the driver nor the owner of the GMC Canyon; (2) GoAuto did not provide coverage to the GMC Canyon or to Humphrey, its registered owner; and (3) the only policy GoAuto issued to Thompson was for a 2017 Buick Envision which was not involved in the accident. Therefore, defendants asserted they are not liable for any injuries plaintiffs incurred in the accident, and plaintiffs' claims should be dismissed with prejudice. Additionally, defendants claimed that they were entitled to attorney fees and costs due to plaintiffs' failure to voluntarily dismiss the lawsuit.

The hearing on the motion for summary judgment was set for April 8, 2024. However, on March 25, 2024, plaintiffs filed an amended petition to add the above-referenced allegation that the driver of the GMC Canyon "identified himself as Purvis Thompson" and to add Humphrey and Imperial Fire and Casualty Insurance Company as defendants.[2]

---

[2] Plaintiff issued a notice of deposition for Humphrey and a subpoena requiring her to appear for the deposition. However, plaintiff was unable to secure service on the subpoena. Additionally, defense counsel's staff spoke to Humphrey via telephone; however, Humphrey declined to provide them with a physical or mailing address.

On April 1, 2024, plaintiffs filed a motion to vacate the hearing date, asserting plaintiff's counsel was served with notice of the hearing date less than 30 days prior to the hearing, in violation of La. C.C.P. art. 966. Defendants opposed the motion, arguing plaintiffs' counsel had agreed to the April 8, 2024, hearing date, and was orally notified of the hearing date by the clerk's office on March 8, 2024. The trial court granted plaintiffs' motion, and the hearing was reset for July 1, 2024.

Plaintiffs' counsel appeared at the July 1, 2024, hearing and requested a 60-day continuance to allow him to locate Shenita Humphrey, claiming she had not been served despite "considerable efforts" to do so. The trial court granted a 30-day continuance, and the hearing was reset for August 13, 2024.

On July 29, 2024, plaintiffs filed an opposition to the motion for summary judgment, along with a motion to continue the hearing without date to permit "additional investigation." Plaintiffs argued that despite multiple attempts, she had not been able to locate or serve Humphrey. Plaintiffs also asserted that although "it appears" Thompson was "probably not" the driver, they could not conclusively rule out the "possibility" that he was the driver. Plaintiffs also attached Seaberry's deposition and claimed the following material facts remain in dispute: (1) the identity of the driver of the GMC Canyon which struck Seaberry's vehicle; (2) how the unidentified woman gained possession of Thompson's insurance card, if Thompson was not the driver of the GMC; (3) whether there is a relationship between the driver of the GMC Canyon and Thompson; (4) whether the driver was a relative or member of Thompson's household, which would make him a "resident relative" with coverage under Thompson's GoAuto

5

policy; and (5) whether Thompson conspired with the unidentified person to commit deliberate fraud to avoid having the GMC Canyon impounded due to lack of insurance coverage such that Thompson could be personally liable to Seaberry for fraud even if GoAuto is not liable under the insurance policy.

Defendants filed a supplemental memorandum in support of their motion for summary judgment, arguing plaintiffs failed to timely file an opposition before the July 1, 2024, hearing; therefore, plaintiffs' counsel should not have been permitted to argue or urge an untimely request for another continuance. Defendants also argued plaintiffs had known of Humphrey's identity as the owner of the GMC Canyon since December 2022, and plaintiffs had ample time to conduct discovery and attempt to locate Humphrey. Further, defendants asserted that even if plaintiffs can locate Humphrey or the driver of the GMC Canyon, the evidence established Thompson was not the owner or the driver of the GMC Canyon, and the GMC was not insured by GoAuto.

At the hearing on August 13, 2024, the trial court allowed argument from plaintiffs' counsel over defendants' objection. Following arguments, the trial court denied the defendants' motion for summary judgment and request for sanctions, finding that there are genuine issues of material fact. In its oral reasons for judgment, the trial court stated:

> [C]ounsel for GoAuto has advised The Court that it's immaterial as it relates to the issuance of the insurance ID card at the scene of the accident and The Court finds that that is material. The Court is concerned with how and why a card that would have belonged to Purvis Thompson would have even been presented at this case. You say that it's for another vehicle but why would this particular card have been presented at the scene of an accident? So, The Court does find that there yet exists a genuine issue of material fact.
> ***

6

Defendants filed an application for supervisory review. By order dated November 20, 2024, this Court granted the writ to docket.

**DISCUSSION**

Defendants contend the trial court erred in granting plaintiffs' oral motion to continue the hearing on the motion for summary judgment when they failed to file an opposition to the motion or a written motion to continue within the 15-day period set forth in La. C.C.P. art. 966. Defendants also argue the trial court erred in allowing plaintiffs to file an untimely opposition to the motion for summary judgment.

Any opposition to a motion for summary judgment shall be filed and served not less than 15 days prior to the hearing on the motion. La. C.C.P. art. 966(B)(2). In *Hadwin v. ABC Ins. Co.*, 24-00072 (La. 4/9/24), 382 So. 3d 827, the defendants filed a motion for summary judgment, and the trial court scheduled a hearing on the motion for June 1, 2023. Thereafter, the hearing was reset to July 19, 2023, and pursuant to La. C.C.P. art. 966(B)(2), the plaintiff's opposition to the motion for summary judgment was due on July 5, 2023. However, on July 10, 2023, the plaintiff filed a motion to continue the hearing. The trial court granted the motion to continue, finding the plaintiff had demonstrated good cause for a continuance. The Louisiana Supreme Court reversed the ruling, stating:

> In *Auricchio v. Harriston*, 2020-01167 (La. 10/10/21), 332 So. 3d 660, 661, we held that "in the absence of consent by the parties, a trial court has no discretion to extend that article's fifteen-day deadline for filing an opposition." Nonetheless, *Auricchio* recognized the trial court could have considered equitable concerns and continued the summary judgment hearing for good cause under the provisions of La. Code Civ. P. art. 966(C)(2), although the trial court in that case did not do so. *Id.* at 663.

7

We subsequently clarified this portion of *Auricchio's* holding in *Mahe v. LCMC Health Holdings LLC*, 2023-00025 (La. 3/14/23), 357 So. 3d 322 (per curiam), in which we explained that a continuance under La. Code Civ. P. art. 966(C)(2), cannot serve as a pretext to circumvent the deadlines set forth in La. Code Civ. P. art. 966(B)(2). In *Mahe*, the plaintiff argued the fact that her expert was out of town constituted good cause for a continuance. However, plaintiff failed to move for a continuance prior to the expiration of the fifteen-day deadline. We concluded these facts did not constitute a showing of good cause for purposes of granting a continuance under La. Code Civ. P. art. 966(C)(2).

The facts of the case currently before us are strikingly similar to those in *Mahe*. As in *Mahe*, plaintiff in the instant case asserts his expert was unavailable, but plaintiff did not move for a continuance until five days after the fifteen-day opposition deadline expired. Plaintiff also cites purported confusion stemming from the court's notice of hearing, which requested copies of pleadings be delivered to the judge eight days before the hearing but fails to show any reason why this language would supersede the mandatory deadlines set forth in La. Code Civ. P. art. 966(B)(2), nor does he indicate he made any effort to clarify any alleged conflict prior to expiration of the deadline.

*Id.*, at 829.

Similarly, in *Eilts v. Twentieth Century Fox Film Corp.*, 54,252 (La. App. 2 Cir. 3/30/22), 336 So. 3d 1022, *writ denied*, 22-00691 (La. 6/22/22), 339 So. 3d 1184, the defendant answered the appeal, arguing the trial court erred in denying their motion to strike the plaintiffs' late opposition to the motion for summary judgment. Citing *Auricchio*, *supra*, this Court reversed the court's denial of the motion to strike the untimely opposition and conducted a de novo review of the record without considering the untimely opposition.

In the instant case, the trial court rescheduled the hearing on the motion for summary judgment for July 1, 2024. Consequently, pursuant to La. C.C.P. art. 966, plaintiffs' opposition to the motion for summary judgment was due on June 17, 2024. Plaintiffs did not file an opposition

8

prior to this date.  Rather, plaintiffs' counsel appeared at the July 1, 2024, hearing and orally requested a continuance to locate the registered owner of the vehicle involved in the accident "and figure out what happened with the accident."  Plaintiffs' counsel asserted good cause for a continuance existed because, despite a "determined effort," he had been unable to locate the owner of the GMC Canyon.[3]

Based on the Louisiana Supreme Court's holdings in *Hadwin*, *supra*, *Mahe*, *supra*, and *Auricchio*, *supra*, and our ruling in *Eilts*, *supra*, we find the trial court erred in granting the motion to continue the hearing on the motion for summary judgment and in considering plaintiffs' untimely opposition.  Consequently, we will conduct our de novo review without taking cognizance of the untimely opposition.

Defendants also contend the trial court erred in denying their motion for summary judgment.  They argue it is undisputed that Thompson was not the owner or the driver of the GMC Canyon involved in the collision, and GoAuto did not insure the vehicle involved in the accident. Defendants also argue the question of how or why an unidentified woman provided Seaberry with an insurance identification card issued for a Buick Envision owned by Thompson does not create a genuine issue of material fact.  Defendants also maintain Seaberry learned the unidentified woman had provided her with the wrong insurance information within days of the accident and that Humphrey was the registered owner of the GMC Canyon.  Further, both Seaberry and

---

[3] For the first time on appeal, plaintiffs argue they were not served timely with notice of the hearing on the motion for summary judgment, and they did not agree to waive service of the notice.  An argument raised for the first time on appeal will not be considered.  *Segura v. Frank*, 93-1271 (La. 1/14/94), 630 So. 2d 714; *Burch v. Burch*, 51,780 (La. App. 2 Cir. 1/10/18), 245 So. 3d 1138. Therefore, plaintiffs' contract argument will not be addressed.

Thompson agreed that Thompson was not the driver of the vehicle that struck Seaberry's vehicle.

The motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. La. C.C.P. art. 966 (A)(1). A genuine issue is one about which reasonable persons could disagree. *King v. Town of Clarks*, 21-01897 (La. 2/22/22), 345 So. 3d 422. A material fact is one that potentially ensures or precludes recovery, affects the ultimate success of the litigant, or determines the outcome of the dispute. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material for summary judgment purposes can be seen only in light of the substantive law applicable to the case. *Jackson v. City of New Orleans*, 12-2742 (La. 1/28/14), 144 So. 3d 876; *Rugg v. Horseshoe Ent.*, 55,239 (La. App. 2 Cir. 1/10/24), 378 So. 3d 323, *writ denied*, 24-00181 (La. 4/3/24), 382 So. 3d 108.

La. C.C.P. art. 966(D)(1) allocates the burden of proof on summary judgment as follows:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

To avoid dismissal, the plaintiff in a negligence action must introduce (for the purpose of summary judgment) *prima facie evidence* of the element or elements of that claim challenged by the motion for summary judgment.

10

*McGee v. Ashford Place Apartments, LLC*, 54,795 (La. App. 2 Cir. 11/16/22), 351 So. 3d 899. Appellate courts review motions for summary judgment de novo, using the same criteria that governed the trial court's determination of whether summary judgment is appropriate. *Farrell v. Circle K Stores Inc.*, 22-00849 (La. 3/17/23), 359 So. 3d 467; *Noland v. Lenard*, 55,342 (La. App. 2 Cir. 11/15/23), 374 So. 3d 1133, *writ denied*, 23-01670 (La. 2/14/24), 379 So. 3d 32.

Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. La. C.C. art. 2315. In determining whether to impose liability under La. C.C. art. 2315, Louisiana courts perform a duty-risk analysis to determine whether liability exists under the facts and circumstances of a particular case. *Farrell v. Circle K Stores, Inc.*, 22-00849 (La. 3/17/23), 359 So. 3d 467; *Green v. E. Carroll Par. Sch. Dist./Bd.*, 56,011 (La. App. 2 Cir. 12/18/24), 402 So. 3d 702, *writ denied*, 25-00153 (La. 4/15/25); *Finch v. HRI Lodging, Inc.*, 49,497 (La. App. 2 Cir. 11/19/14), 152 So. 3d 1039.

Under the duty/risk analysis, the plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of duty element); and, (5) proof of actual damages (the damages element). *Farrell v. Circle K Stores, Inc.*, *supra*; *Green v. E. Carroll Par. Sch. Dist./Bd.*, *supra*.

In the instant case, Thompson testified he was not the owner or driver of the GMC Canyon that struck Seaberry's vehicle. Moreover, during Thompson's deposition, plaintiffs' counsel indicated Seaberry advised him that Thompson was not the driver of the vehicle that struck him. Soon after the accident, Seaberry learned the identity of the owner of the vehicle and subsequently named her as a defendant in the lawsuit. Moreover, Seaberry testified she received Thompon's insurance information from an unidentified woman who approached her at the scene of the accident. She also testified she did not know whether the woman was a passenger in the GMC. She unequivocally stated she did not see anyone in the truck with the driver; she stated the woman came "from out of nowhere." Further, Seaberry did not testify that the woman identified herself as being related to or associated with Thompson.

Based on our de novo review of the record, we find plaintiffs have not introduced any evidence to establish Thompson's conduct was a cause-in-fact of their injuries. Although it is bizarre that an unidentified woman provided Seaberry with Thompson's insurance information, the actions of the woman do not create a genuine issue of material fact as to whether Thompson caused plaintiffs' injuries. The evidence established Thompson is the owner of two vehicles, a Buick Envision and a Dodge Ram, neither of which was involved in this accident. Contrary to plaintiffs' arguments, there is no evidence to establish Thompson knew or had any relationship with the driver of the GMC Canyon, and/or the unidentified woman. Further, plaintiffs have not presented any evidence to establish Thompson conspired with the woman, the driver of the Canyon, or anyone else to commit fraud.

We find GoAuto and Thompson met their burden of proving they are entitled to summary judgment, as plaintiffs have shown no basis for liability on their part. Accordingly, we find the trial court erred in denying their motion for summary judgment. We hereby reverse the trial court's judgment, grant the motion for summary judgment filed by defendants, and dismiss plaintiffs' claims.[4]

## CONCLUSION

For the reasons assigned, the judgment of the Monroe City Court is reversed. Summary judgment is granted in favor of GoAuto Insurance Company and Purvis Thompson, dismissing plaintiffs' claims against them with prejudice. All costs of the appeal are assessed to plaintiffs, Laresia Seaberry, Terdrick Wilson, and Tedrico Wilson.

**WRIT GRANTED; JUDGMENT REVERSED; JUDGMENT RENDERED; PETITION AGAINST GOAUTO INSURANCE COMPANY AND PURVIS THOMPSON DISMISSED WITH PREJUDICE.**

---

[4] Defendants did not assign as error the ruling as it pertains to sanctions and did not brief the argument. Thus, it is considered abandoned on appeal. Uniform Rules, Courts of Appeal, Rule 2-12.4(B)(4); *Moss v. Town of Rayville*, 50,189 (La. App. 2 Cir. 11/18/15), 181 So. 3d 809.