NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-223

DEAN J. GUIDRY, SR.

VERSUS

ST. MARTIN PARISH SCHOOL BOARD, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 85946
HONORABLE SUZANNE M. DEMAHY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**CANDYCE G. PERRET**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Candyce G. Perret, and Jonathan W. Perry, Judges.

**AFFIRMED.**

**Dean J. Guidry, Sr.**
**The Guidry Law Group**
**Post Office Box 5255**
**Lafayette, LA   70502**
**(337) 266-2250**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Dean J. Guidry, Sr.**

**Allan L. Durand**
**235 La Rue France**
**Lafayette, LA   70508**
**(337) 237-8501**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**James B. Bulliard, Jr.**

**Mark D. Boyer**
**Boyer, Hebert Abels & Angelle**
**401 E. Mills Avenue**
**Breaux Bridge, LA   70517**
**(337) 332-0616**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**St. Martin Parish School Board**

**Jerry L. Mallet**
**Jerry L. Mallet, LTD.**
**1030 Lafayette Street**
**Lafayette, LA   70501**
**(337) 593-0910**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Sherbin Collette**

**PERRET, Judge.**

Plaintiff, Dean Guidry, Sr., appeals from a trial court judgment granting summary judgment in favor of defendant, James Bulliard, Jr.,[1] and dismissing his claims against Mr. Bulliard. For the reasons that follow, we affirm.

**FACTS AND PROCEDURAL HISTORY:**

On October 19, 2017, Mr. Guidry filed a Petition for Writ of Mandamus against St. Martin Parish School Board, and its superintendent, Dr. Lottie Beebe seeking the cancellation of a lease between Mr. Bulliard and the St. Martin Parish School Board. Specifically, Mr. Guidry alleges that "[b]y written contract[,] the School Board granted private hunting privileges to Mr. James B. Bulliard[,] Jr.[,] over its section 16 lands in St. Martin Parish" and that "[t]he private hunting privileges were not publicly bid [as] required under La.R.S. 17:87.8."[2]

---

[1] The amended judgment incorrectly spells defendant's last name as "Buillard" rather than "Bulliard."

[2] Louisiana Revised Statutes 17:87.8 provides, in pertinent part:

A. Except in the parishes of East Carroll, West Carroll, and Morehouse, whenever a city, parish, or other local public school board desires to rent or lease sixteenth section lands for hunting or trapping purposes, the procedure set forth below shall be followed by each board in connection with the award of the rights or privileges to bidders after advertisement in accordance with the following:

(1) If the lands have not been previously leased or when the immediately previous lessee is not bidding for renewal or continuation of his prior lease, as described in Paragraph (2) of this Subsection, the award shall be made to the highest bidder.

(2) If improvements made by the immediately previous lessee have become component parts of the lands to be leased and have a value equal to or greater than ten thousand dollars and the prior lessee is bidding for continuation or renewal of his prior lease then the award by the school board shall be made to the highest bidder who stipulates in his bid he will pay to the prior lessee a sum equal to the appraised value of such improvements as determined by a recognized appraiser of real estate selected by the school board. If the highest bidder does not comply with the provisions of this Section, the prior lessee will have the opportunity to renew or continue his lease at the price bid by the highest bidder. Upon failure of a prior lessee to bid for continuation of his prior lease, all improvements made by said prior lessee shall be forfeited to the school board. The provisions of this Paragraph shall apply only to those prior lessees who have not defaulted in or violated the provisions of their prior lease with such school board.

In a previous opinion in this matter, this court noted the following facts, in pertinent part:

> Mr. Guidry instituted this action with the filing of his Petition for Writ of Mandamus, naming as defendants the St. Martin Parish School Board and its superintendent, Dr. Lottie Beebe. In response to the action, the school board and its superintendent filed various exceptions including an exception of unauthorized use of summary proceeding. The trial court granted the exception of unauthorized use of summary proceeding and recognized on its own nonjoinder of parties under La.Code Civ.P. arts. 641 and 642. The trial court ordered Mr. Guidry to amend his petition to convert the action to an ordinary suit and to join the additional parties needed for his action.
>
> Thereafter, Mr. Guidry filed his First Amending and Supplemental Petition for Mandamus, Injunctive Relief and Declaratory Judgment, naming the additional defendants James B. Bulliard, Jr.; Gillray Patin; and Sherbin Collette. Mr. Guidry averred that the school board had either expressly or de facto granted exclusive hunting rights on Sixteenth Section Land to certain individuals without complying with the Louisiana Public Bid Laws. He also asserted that some of the individuals granted these exclusive hunting rights, or those acting at their direction, had attempted to maintain their exclusive rights through intimidation and assault on others. By his suit[,] Mr. Guidry seeks to have any such leases declared null and void, in addition to other relief.
>
> Mr. Collette filed an answer to the amended petition and included a reconventional demand against Mr. Guidry. Mr. Bulliard filed an exception of no right of action and filed a pleading styled as a "Rule for Summary Judgment." The school board and its superintendent filed an answer and exceptions to the amended petition. Mr. Guidry also filed an answer to Mr. Collette's reconventional demand.
>
> In Mr. Bulliard's pleading seeking summary judgment, he writes that there is no issue of genuine fact as to the lawfulness of his lease with the school board. Thus, Mr. Bulliard concludes by asserting that he "is entitled to summary judgment as a matter of law dismissing all claims by Plaintiff against him." A hearing was held before the trial court on March 29, 2018.
>
> The trial court signed a written judgment on March 29, 2018, granting summary judgment.

*Dean Guidry, Sr. v. St. Martin Parish Sch. Bd.,* 19-223, pp. 1-2 (La.App. 3 Cir. 5/2/19) (unpublished opinion).

2

Mr. Guidry appealed the March 29, 2018 judgment that granted Mr. Bulliard's Rule for Summary Judgment. Mr. Guidry's case against defendants Gillray Patin and Sherbin Collette is not on appeal and is still pending in the trial court. On May 2, 2019, this court dismissed Mr. Guidry's appeal without prejudice upon finding that the original judgment did not contain the appropriate decretal language.

Thereafter, on May 10, 2019, the trial judge amended her judgment to grant Mr. Bulliard's Rule for Summary Judgment with the proper decretal language. The amended judgment dismissed all claims against Mr. Bulliard, and stated as follows (emphasis in original):

> IT IS ORDERED, ADJUDGED AND DECREED that the St. Martin Parish School Board extended hunting privileges/lease appropriately to James [Bulliard], Jr. for the Catahoula property under La. R.S. 41:1212. Louisiana Revised Statute 41:1212 states that whenever the school board in St. Martin Parish leases any sixteenth section lands . . . for the agricultural purpose . . . , it shall **not** be required to advertise for and receive bids . . . for other leases.

Mr. Guidry now appeals this amended judgment, alleging the following sole assignment of error:

> Whether as a matter of law the defendant was entitled to [s]ummary judgment dismissing Plaintiff's petition challenging the validity of a provision in an extension of an agricultural lease to defendant James Bulliard[,] Jr.[,] which also granted or conveyed to him private hunting privileges without public bid contrary to the mandate in La.R.S. 17:87.8 that such rights be conveyed only by public bid.

**STANDARD OF REVIEW:**

The summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action . . . and shall be construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2). An appellate court reviews a summary judgment de novo "using the same criteria that govern the trial court's determination of whether summary judgment is appropriate;

3

whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law." *Smith v. Robinson*, 18-0728, p. 5 (La. 12/5/18), 265 So.3d 740, 744. "After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). Louisiana Code of Civil Procedure Article 966(D)(1) provides the parties burden of proof as follows:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

Additionally, "[i]n deciding a motion for summary judgment, the court must assume that all of the affiants are credible." *Dufour v. Schumacher Grp. of La. Inc.,* 18-20, p. 10 (La.App. 3 Cir. 8/1/18), 252 So.3d 1023, 1030, *writ denied*, 18-1456 (La. 11/20/18), 256 So.3d 991 (*quoting Joliboix v. Cajun Comfort, Inc.*, 16-414, p. 4 (La.App. 5 Cir. 12/7/16), 207 So.3d 655, 658.)

**DISCUSSION:**

On appeal, the only issue before this court is whether the trial court properly granted Mr. Bulliard's Rule for Summary Judgment. Mr. Bulliard argued in his Rule for Summary Judgment "that there is no genuine issue of material fact with regard to the lawfulness of the lease from the St. Martin Parish School Board" to him and that "the lease (and all extensions thereof) . . . as described in Plaintiff's 'First Amending and Supplemental Petition for Mandamus, Injunctive Relief and

4

Declaratory Judgment' were lawfully granted and confected."  Attached to his rule,

Mr. Bulliard provided his affidavit, which states in pertinent part:

> [T]hat he is . . . the lessee under that "Act of Lease" between the St. Martin Parish School Board and himself dated September 28, 1994, extended by act of "Extension of Agricultural Lease" dated January 5, 1999 and the act of "Renewal/Extension of Agricultural Lease" dated September 30, 2014, the 1994 Lease being recorded in Conveyance Book 1207, page 665 of the Conveyance Records of St. Martin Parish, Louisiana, and the 1999 Extension being recorded in Book 1319, at page 481.
>
> . . . .
>
> James B. Bulliard, Jr.[,] does further attest that, as shown in the 1999 Extension of Agricultural Lease, he did in truth and in fact pay $6,150 to M&C Contractors, Inc., $5,852 to M&L Industries, Inc., and $403.12 to 54 Oil Corporation, all for permanent improvements to the leased property.  He does further swear and attest that all improvements were contracted for and completed.
>
> Lastly, James B. Bulliard, Jr.[,] does swear and attest that the original granting of the lease by the St. Martin Parish School Board to him was after submission of the high bid to the School Board, after having received notice of the intention of the School Board to lease said property.

Mr. Bulliard also relied on the affidavit of Chester Cedars, the St. Martin

Parish President, in support of his Rule for Summary Judgment.  Mr. Cedars'

affidavit states, in pertinent part (emphasis in original):

> I am an attorney and resident of St. Martin Parish, Louisiana, presently President-Designate of St. Martin Parish Government.
>
> In 1994 and 1999, I was an Assistant District Attorney in St. Martin Parish, was general counsel for the St. Martin Parish School Board, for 25 years.
>
> The School Board granted an agricultural lease to James B. Bulliard, Jr.[,] in 1994,which was drafted by me, the agricultural lease covering certain "sixteenth section land" in St. Martin Parish.
>
> The Resolution of the School Board attached to that lease provides that the lease was granted after advertisement in compliance with La. R.S. 41:1214, and that James B. Bulliard, Jr. submitted the highest bid after advertisement.

The lease was then extended by an act entitled "Extension of Agricultural Lease" dated January 5, 1999, which was drafted by me, and the act states that it was extended under a provision of law which provides that an agricultural lease can be extended if the Lessee makes certain improvements to the leased School Board property during the term of the lease. That statute (La. R[.]S[.] 41:1217(A)(2)) provides that the normal requirements of advertisement and bidding is waived if the Lessee has made the required amount of improvements.

The 1999 act extending Bulliard's lease also recites that Bulliard had made the required improvements to qualify for the extension of his agricultural lease.

That 1999 Extension also contained language specifying that the Lessee enjoyed all hunting privileges on the leased property.

Prior to that time, I have personal knowledge, in my capacity as legal counsel to the School Board, that the School Board had experienced problems with third parties who believed they could enter upon School Board land which was already under [an] agricultural lease for the purpose of hunting on the property. During the years that I represented the School Board, it was the School Board's intention, as Lessor, that agricultural leases <u>included</u> the right to hunt on the property, and that therefore property which was under [an] agricultural lease could not provide separate hunting rights to different parties.

It was the intention of the "hunting privileges" language added in the 1999 amendment to the Bulliard agricultural lease to <u>clarify</u> the original intent of the original lease, and not to grant new rights which were not intended to be included in the original lease.

Mr. Cedars testified that it was the St. Martin Parish School Board's intention, as Lessor, that all of its agricultural leases included the right to hunt the property. Thus, on January 5, 1999, the parties revised "Paragraph 1 of the original contract of lease" to state, as follows:

> I. Except as otherwise specifically provided for herein, lessee [Mr. Bulliard] shall have the right to prevent the general public from entering the premises and interfering with the agricultural endeavors for which this contract of lease has been executed in favor of lessee. Moreover, lessee shall enjoy all hunting privileges in connection with his use of the premises, said rights being exclusive. Consequently, lessee may prevent the general public [from] engaging in any such hunting endeavors or activities as regards the property leased herein.

6

Mr. Bulliard alleged that he "took advantage of La.R.S. 41:1217(A)(2)[,] which specifically provides that a school board can _extend_ an _existing_ agricultural lease, without the necessity of re-advertisement and re-bidding if the Lessee has made at least $10,000 of improvements to the leased property."

In opposition to the Rule for Summary Judgment, Mr. Guidry argued, in pertinent part:

> He notified in writing to Mr. [Bulliard] on October 8, 2015 via certified mail, his intentions to hunt the Section 16 property currently leased to Mr. [Bulliard].
>
> . . . .
>
> The initial lease to Mr. [Bulliard] in 1994 was for agricultural purposes [and] did not include the exclusive rights to hunt as did the subsequent September 28, 1999 lease extension.
>
> The St. Martin Parish School Board did not solicit any public bids when on January 5, 1999 they amended the original "Act of Lease" dated September 28, 1994 to Mr. James [Bulliard] Jr. to extend it an additional 10-year term to September 28, 2014, and wherein the parties agreed to "amend, modify and revise" the original lease . . . .
>
> The St. Martin Parish School Board and James [Bulliard][,] Jr.[,] contracted on September 30, 2014 a "RENEWAL/EXTENSION OF ARGRICULTURAL LEASE" extending the term of the lease agreement an additional 10 years to September 24, 2028. This "Renewal/Extension" was executed and agreed to without public bidding.
>
> In a Louisiana Attorney General Opinion's numbered 1[4]-0218 dated March 26, 2015[,] the lease renewal in 1999 contract containing the above language granting exclusive hunting privileges to James [Bulliard][,] Jr.[,] was "invalid" because the hunting rights thereto had not been publicly bid in accordance with La.R.S. 17:87.8.

In support of his opposition, Mr. Guidry attached the following exhibits: (1) a copy of the November 20, 2017 judgment denying St. Martin Parish School Boards' exceptions of No Right or Cause of Action, and its reasons for judgment; (2) the September 28, 1994 Act of Lease; (3) the January 5, 1999 Extension of Agricultural Lease; (4) the September 30, 2014 Renewal/Extension of Agricultural

7

Lease; (5) the March 26, 2015 Louisiana Attorney General's Opinion, No. 14-0218; and (6) an October 8, 2015 letter from Mr. Guidry to Mr. Bulliard indicating his intent to hunt the public land.

A hearing on the Rule for Summary Judgment was held on March 29, 2018. At that time, Mr. Bulliard and Mr. Guidry filed into the record the following stipulations:

1. Dean Guidry Sr[.] is not a resident of St. Martin Parish. He is a resident of Lafayette Parish.

2. The initial agricultural lease contract between James [Bulliard][,] Jr.[,] and the St. Martin Parish School Board in 1994 over Section 16 land in St. Martin Parish was granted after compliance with the public bid law.

3. The St. Martin Parish School Board's Extensions of the original 1994 lease in 1999 and 2014 were made under the authority of La.R.S. 41:1217(A)(2)[3] without public bid.

At the hearing, Mr. Bulliard relied on the affidavit of Mr. Cedars to support his argument that "if it was the intent of both parties [to include hunting] from the beginning of the lease, then that was the contract between the parties." He further argued that "[t]he original lease was granted before compliance laws[,]" and that "Mr. Cedars tells us that [it] was the intent to include those [hunting] rights to

_____

[3] Louisiana Revised Statutes 41:1217 provides, in pertinent part:

A. (1) Any lease executed under the provisions of this Part shall be for a period not exceeding ten years and shall provide for consideration to be paid as a cash rental of not less than one dollar per acre, which shall be payable in cash annually and in advance, or if the land is leased for agricultural purposes of planting, growing, cultivating, and harvesting any agricultural crop, the consideration shall be so paid in cash or on a share basis at the option of the lessor.

(2) A lease granted under this Section may be extended as follows:

(a) Any person who leases such land and who adds or contracts for permanent improvements to be constructed or placed on or made to the land in the amount of not less than two thousand dollars nor more than ten thousand dollars upon written notification to the lessor and upon a proper showing that such improvements have in fact been made or contracted for may lease such lands for an additional period of not more than ten years with the payment of rentals to be made as provided in this Section.

prevent the problems that it [the St. Martin Parish School Board] had and to fulfill its duty to protect the lessee [Mr. Bulliard] in peaceful possession." Thus, Mr. Bulliard argued that he "complied with the bid law and all requirements of law for the granting of the renewal of the lease" and that "Mr. Cedars tells us it was the intent of that lease to include hunting right[s], and therefore, [he] thinks [he is] entitled to Summary Judgment . . . dismissing Mr. Guidry's petition with respect to his request to have the lease declared invalid."

In response to Mr. Bulliard's arguments, Mr. Guidry argued that "private hunting privileges [are] a separate right, a separate element of the property's naked ownership[,]" and that "[t]he language in [La.R.S.] 17:87.8 is mandatory[.]" Thus, Mr. Guidry argued that if Mr. Bulliard wanted hunting privileges to go along with his agricultural lease, then he, under La.R.S. 17:87.8, would have to publicly bid for it and he would have to be the highest bidder. In support of his argument, Mr. Guidry referenced the Louisiana Attorney General Opinion No. 14-0218, attached to his opposition, which states, in pertinent part (footnotes omitted):

> In several portions of the Louisiana Revised Statutes, hunting leases and agricultural leases are listed or considered separately. From this distinction, as well as the clear exemption of only agricultural leases in La.R.S. 41:1212(C) and the specific hunting lease law in La.R.S. 17:87.8, it is clear that these types of leases are not considered to be the same under the law. Thus, it is our opinion that hunting leases of School Board lands cannot be let pursuant to the exempt agricultural leasing requirements of La.R.S. 41:1212(C). Instead, La.R.S. 17:87.8 specifically provides for a unique public bid process for the leasing of sixteenth section lands for hunting purposes that is akin to, but not exactly the same as the general public bid laws. Because of this specific provision related to hunting leases for sixteenth section lands, it is our opinion that it is of no moment that these lands are already under lease for agricultural purposes when a hunting lease is sought. The public bid process for such hunting leases as set forth in La.R.S. 17:87.8 must be followed.

> We note, from your opinion request, that the subject lands appear to have been let for hunting purposes in the past (apparently from 1999-2014). Assuming that this lease was entered into without compliance with La.R.S. 17:87.8, such a lease would have been invalid.

However, as you have also noted in your request, that lease has terminated by its own terms. There is no indication that the School Board received anything less than it was due as the lessor of this property. Pursuant to the jurisprudence, having received such benefit and the contract having terminated by its own terms, there is no retroactive means or purpose to invalidate the lease. Thus, there is no need to take any action with regard to that now-ended lease. Should the School Board seek to lease the subject property now for hunting purposes, it must comply with La.R.S. 17:87.8 in order to do so.

In response, Mr. Bulliard offered into evidence, with no objection by Mr. Guidry, a June 10, 2015 supplemental letter by the Louisiana Attorney General, in reference to his earlier opinion in no. 14-0218, which states:

Since the issuance of the above-referenced opinion, it has come to our attention that not all of the facts related to your request were before us while we considered the relevant legal issues. Although we stand behind the correctness of the opinion, the fact that a lease had been issued by St. Martin Parish School Board prior to seeing an opinion on the correctness of issuing that same lease was an important missing factor in our consideration. As we now understand it, the School Board had already reissued the agricultural lease that was the subject of the opinion request with a clause authorizing a hunting lease in favor of the agricultural lessee when it asked for our opinion on the matter. In so doing, the School Board created certain rights and equities in favor of the lessee that we do not believe should or can now be undone. In other words, the School Board should honor the terms of the existing lease in order to maintain those rights and equities rather than risk a breach of contract or damages suit for attempting to reform the lease now. Once the current lease has run its course, any future hunting leases on the subject property should be done pursuant to public bid, as mandated by La.R.S. 17:87.8.

After considering the evidence and hearing the testimony, the trial judge granted Mr. Bulliard's Rule for Summary Judgment specifically finding (emphasis in original):

[T]he St. Martin Parish School Board extended hunting privileges/lease appropriately to James [Bulliard], Jr. for the Catahoula property under La. R.S. 41:1212. Louisiana Revised Statute[s] 41:1212[4] states that whenever the school board in St.

---

[4] Louisiana Revised Statutes 41:1212, which addresses leases of sixteen section lands for agricultural purposes states, in pertinent part:

A. Any lessor may, through its governing authority, lease for trapping, grazing, hunting, agricultural, and any other legitimate purposes, including, except in the parishes of Livingston, Tangipahoa, St. Helena, St. Tammany, and Washington,

Martin Parish leases any sixteenth section lands . . . for the agricultural purpose . . . , it shall **not** be required to advertise for and receive bids . . . for other leases.

The question we find before this court today is whether the parties intended to provide Mr. Bulliard with hunting privileges upon signing the 1994 agricultural lease, which was in compliance with the advertising and bidding requirements of law. We look for guidance in answering this question to the Civil Code rules on "Conventional Obligations or Contracts" and "Of Lease."

Louisiana Civil Code Article 2700 provides that a "lessor warrants the lessee's peaceful possession of the leased thing against any disturbance caused by a person who asserts ownership, or right to possession of, or any other right in the thing." Louisiana Civil Code Article 2682 states that a "lessor is bound: (1) [t]o

---

removal from the land of subterranean water, or other such substances, other than for oil, gas, or other mineral purposes and development, any lands of which the lessor has title, custody, or possession, and the lessor may at its option lease the land on a share basis in accordance with such terms and conditions as the governing authority deems to be to the best interest of the lessor.

B. (1) Whenever the school boards in Vermilion, West Baton Rouge, Cameron, Calcasieu, Acadia, and Concordia Parishes lease any sixteenth section lands of which they have title, custody, or possession on a share basis for the agricultural purpose of planting, cultivating, growing, and harvesting any agricultural crop, they shall not be required to advertise for and receive bids as hereinafter provided for in this Part for other leases.

(2) They are hereby authorized to enter into leases and to renegotiate present leases to include such terms and conditions which allow the leasing of those lands for hunting; however, the lease or sublease shall contain provisions which require a portion of the rentals to be paid directly to the school board in consideration of the privilege of hunting on school board lands. The portion of the rentals to be paid directly to the school board shall be an amount agreed upon by the school board and the original lessee.

(3) Any other provision of the law to the contrary notwithstanding, the rentals or other income derived from any such leases shall not be considered as general fund receipts to the school board so as to reduce or otherwise affect the share such school board receives from funds appropriated to the state public school fund for distribution to it on a per educable basis.

C. Whenever the school board in St. Martin Parish leases any sixteenth section lands of which it has title, custody or possession on a share basis for the agricultural purpose of planting, cultivating, growing and harvesting any agricultural crop, it shall not be required to advertise for and receive bids as hereinafter provided for in this part for other leases.

11

deliver the thing to the lessee; (2) [t]o maintain the thing in a condition suitable for the purpose of which it was leased; and (3) [t]o protect the lessee's peaceful possession for the duration of the lease." In *Potter v. First Fed. Sav. & Loan Ass'n of Scotlandville*, 615 So.2d 318, 323 (La.1993) (citations and footnotes omitted) (emphasis added), the supreme court discussed lease contracts and stated as follows:

> Under the rules *Of Lease*, a lease is a bilateral contract by which one party binds himself to grant to the other the enjoyment of a thing during a certain time, for a certain stipulated price which the other party binds himself to pay. *From the nature of the contract of lease, the lessor is bound, without any clause to that effect, to maintain the thing in a condition such as to serve the use for which it was hired and to cause the lessee to be in peaceable possession of the thing during the continuation of the lease.* These are warranties implied in every contract of lease. Failure of the lessor to fulfill either of these obligations is a breach of contract and may cause a finding of constructive eviction of the lessee.

Additionally, La.Civ.Code art. 2045 provides that "[i]nterpretation of a contract is the determination of the common intent of the parties." As this court stated in *Bown v. Austral Oil Co., Inc.*, 322 So.2d 866, 870 (La.App. 3 Cir. 1975), *writ denied*, 326 So.2d 370 (La.1976), "[t]he intention of the parties is of paramount importance and must be determined in accordance with plain, ordinary and popular sense of the language used in the agreement and by giving consideration on a practical, reasonable and fair basis to the instrument in its entirety."

In *Oil Field Supply & Scrap Material Co. v. Gifford Hill & Co.*, 204 La. 929, 933, 16 So.2d 483, 484 (1943) (emphasis added), the supreme court expressed the following rule on interpretation of contracts:

> We know that a contract is the law between the parties and that they are bound by their agreements regardless of harmful consequences, provided the agreement is not contra bones mores or in violation of some prohibitory law. *However, where the issue is as in the instant case—what are the terms of the verbal agreement—the fact*

12

*that informed and experienced persons do not usually and customarily bind themselves to unjust and unreasonable obligations is a serious factor that must be taken into consideration in determining that question.*

Here, there is no genuine issue of fact that the 1994 lease was legally entered into for agricultural purposes. In this case, we agree with Mr. Bulliard's argument that "the Lessee of an agricultural lease involving crawfish farming cannot have hunters roaming back and forth through the middle of his crawfish pond" and that "[a]ny such activity would be an intolerable interference with [his] right to farm the property." Further, we find such activity would be an "unjust and unreasonable obligation" to the lessee, who is entitled to "peaceful possession for the duration of the lease." *Oil Field Supply & Scrap Material Co.,* 16 So.2d at 484; La.Civ.Code art. 2682.

We also find Mr. Cedars' affidavit, which is uncontradicted, supports the fact that St. Martin Parish School Board, as Lessor, intended to convey hunting privileges to Mr. Bulliard at the time the parties signed the original agricultural lease in 1994. As previously stated, Mr. Cedars' affidavit provides, in pertinent part, (emphasis added):

> I have personal knowledge, in my capacity as legal counsel to the School Board, that the School Board had experienced problems with third parties who believed they could enter upon School Board land[,] which was already under agricultural lease for the purpose of hunting on the property. *During the years that I represented the School Board, it was the School Board's intention, as Lessor, that agricultural leases <u>included</u> the right to hunt on the property, and that therefore property which was under agricultural lease could not provide separate hunting rights to different parties.*

As such, we find the language added to the Extension of Agricultural Lease in 1999 was merely to clarify the original intent of the parties, which was to allow Mr. Bulliard hunting privileges while he leased the grounds for his crawfish farming. In 1999 and 2014, we find that Mr. Bulliard properly took advantage of

La.R.S. 41:1217(A)(2) (a statute that waives the normal requirements of advertisement and bidding if the Lessee has made the required amount of improvements) to extend his existing agricultural lease after he invested over $10,000.00 of improvements to the leased property.

Because St. Martin Parish School Board and Mr. Bulliard renewed "the Act of Lease on the Property for the term beginning September 28, 2014 and to expire September 28, 2024[,]" we agree with the Attorney General's recommendation in his June 10, 2015 correspondence that "the School Board should honor the terms of the existing lease in order to maintain those rights and equities rather than risk a breach of contract or damages suit for attempting to reform the lease now." We find this reasoning consistent with the Attorney General's language in opinion no. 14-0218, wherein he found that "[t]here is no indication that the School Board received anything less than it was due as the lessor of this property."

For these reasons, we affirm the trial court's grant of summary judgment in favor of Mr. Bulliard. All costs of this appeal are assessed against plaintiff, Mr. Dean Guidry, Sr.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

14